## POWELL *v.* STATE.

[90 South. 625, No. 22205.]

INTOXICATING LIQUORS. *Evidence held sufficient to sustain conviction of attempt to distill.*

The evidence is sufficient to sustain a conviction of attempt to distill intoxicating liquors where it is shown that the accused, with others, on motorcars transported a copper still and apparatus, sugar, shorts, bran, barrels, and other distilling equipment and camping outfit to an isolated spot near a spring and creek, in the woods, and were arrested while removing part of the distilling outfit from the mired car to the suitable spot intended, part of the distilling apparatus being removed to the spot before interruption; such acts being proximate and overt toward the consummation of the crime intended.

APPEAL from circuit court of Marshall county.

HON. W. A. ROANE, Judge.

Lee Powell was convicted of attempting to distill intoxicating liquors, and he appeals. Affirmed.

*L. A. Smith* and *C. Lee Crumb,* for appellant.

*F. H. Lotterhos,* assistant attorney-general, for the state.

HOLDEN, J., delivered the opinion of the court.

The appellant, Lee Powell, appeals from a conviction on a charge of attempting to distill intoxicating liquors. There are several errors assigned for reversal, but we think none of them are of sufficient merit to warrant discussion, except the main contention, which is that the evidence in the case is insufficient to support the charge in the indictment.

The facts of the case, which are practically undisputed, are substantially as follows: The appellant and others left Memphis traveling southward through Marshall county with a heavy truck, a Ford car, and a Cadillac car. The

truck was loaded with a copper still capable of holding four hundred or five hundred gallons of mash, and about eighteen empty barrels with the heads knocked out, and others, suitable for storing liquor. The Cadillac car which was loaded with one thousand, five hundred pounds of sugar, several hundred pounds of meal, bran and shorts, and considerable camp equipment. The Ford car brought up the rear with several men of the outfit.

It seems that this "caravan" moved in the nighttime, but left its peculiar trail on the public road which ultimately resulted in its discovery and capture.

On Sunday morning they were discovered and arrested in Pigeon Roost bottom, where the vehicles had bogged up in the mire, after having turned off of the public road and headed in the direction of a piece of high ground close to a cool spring, near the side of the spring branch where it flowed into Pigeon Roost creek.

At the point where the caravan left the public road to go into the inaccessible forest—to the isolated high spot near the spring—there was no established road leading into the woods, but the route, had been blazed on the trees, which was a sufficient guide to lead the party across Pigeon Roost bottom to the elevated ground close to the spring and creek.

The vehicles did not reach the intended spot on account of becoming mired, and when the party could advance no farther they then began to move, and did move, the camp equipment to the elevated spot, erecting a tent and preparing their sleeping quarters. They also moved part of the distilling equipment to the spot near the spring, being assisted in the moving by a hired negro who lived near by and who appeared on the scene with his wagon and team. Thus while in the progress of moving from the mired vehicles the distilling equipment and material the whole outfit was arrested by officers, and tried and convicted for attempting to distill. One of the men in the party lived farther south in Marshall county. It was not shown at the trial that any mash had been prepared or made up, nor that any effort

in the way of building a fire had been made, up to the time of the arrest. There was a cornfield near the place. The defendants at the trial offered no proof, but relied upon the failure of the state to prove the attempt to distill intoxicating liquor.

The principal contention of the appellant is that the state fails to show an attempt because it failed to show any overt act on the part of the appellant; that the proof goes no farther than to show preparation to commit the offense of distilling liquor. It is not contended that it was not the intent to distill liquor at some place at some time.

It is argued that the mere possession of the distilling outfit with the materials with which to make liquor, and going to the secluded and favorable spot in the woods near the spring and creek amounted only to preparation to distill, and that no overt act toward the consummation of the design was committed, because no mash had been made up, no fire started, and nothing then done in the actual distilling process; that, since one of the parties lived farther south, it may be inferred that it was the intent of the parties to not distill any liquor until they reached his home at some later time, and that on this reasoning the consummation of the crime was too remote to support the essential overt act. In other words, it is urged that the arrest was made too soon, or made at a time before the commission of any overt act toward the actual carrying out of the intent to commit the crime.

We have carefully considered the very interesting view presented by counsel for the appellant, but we are unable to agree with the contention that the proof in the case is insufficient to support the charge in the indictment.

The acts and conduct of the appellant and the other parties, may have amounted merely to preparation to commit when they loaded up the distilling outfit and material before they started from Memphis, or it may be, though we do not decide, that their conduct did not reach beyond the stage of preparation while traveling through Marshall county in the nighttime to the point where they left the

public road; but when the party left the public road guided
by the blazes upon the trees toward the isolated spot by the
spring in the woods, and, when bogged up, proceeded to·
remove their distillery and other equipment and materials
to the elevated ground, undoubtedly selected in advance,
their progress toward the commission of the crime had
advanced beyond the preparation stage, and had gone so
far toward the consummation of the intended crime as to
clearly constitute an attempt by an overt act toward its
commission.   Therefore we have reached the conclusion
that the proof offered by the state amply sustains the charge
that the appellant attempted to distill intoxicating liquor;
and it was so decided by the jury.

The turning point in the case, of course, is whehter or
not the evidence establishes the overt act toward the con-
summation of the crime; the intent being unquestionably
established.   The authorities in other jurisdictions recog-
nize that it is difficult in many cases to draw the demar-
cating line between mere preparation and the overt act,
but we should have no difficulty in the case at bar in this
regard, because there can be no doubt that the appellant
and his partners in the unlawful enterprise intended to
distill intoxicating liquors near the point where they were
arrested, and they had progressed toward the consumma-
tion of the intent to the extent that it is entirely reasonable
to say they would have committed the offense had they
not been interrupted in their purpose.

The act directed toward the commission of the intended
offense, after the preparations are made, need not be the
last proximate act, such as making the mash, before the
consummation of the offense in order to constitute an overt
act; but the act of the appellant toward the accomplish-
ment of the proposed crime, if sufficiently near and proxi-
mate as to reasonably lead to consummation if uninter-
rupted, constitutes an overt act.

The rule in our state as to what constitutes an attempt to
commit a crime with reference to the overt act is well settled
in *Stokes* v. *State,* 92 Miss. 415, 46 Sò. 627, 21 L. R. A. (N.

S.) 898, and *Cunningham* v. *State,* 49 Miss. 685. In the Stokes case this court said:

"Whenever the design of a person to commit crime is clearly shown, slight acts done in furtherance of this design will constitute an attempt."

The Cunningham case seems to enlarge the rule even farther than the Stokes case, in holding that a comparatively remote act, in furtherance of the design, was an overt act constituting an attempt.

We note the argument of counsel for the appellant in which he points out that possession of distilling apparatus and material is not sufficient to sustain a charge of attempt to distill, and that the offense charged in this case is not of having liquor or distilling apparatus in possession, but that the attempt to distill liquor must be shown by the appellant committing an overt act toward the consummation of the crime. We agree with counsel in this position, but the case is one, as we conceive it, where the act of the appellant in furtherance of the proposed crime, by assembling the distilling apparatus and material at the place for operation, was such as to constitute an attempt, and in view of this conclusion we think the judgment of the lower court should be affirmed.

*Affirmed.*