In this case we address the question of whether the mere pointing of a firearm constitutes attempt under Mississippi's aggravated assault statute. We hold that it does not. Because the evidence adduced at trial supports a conviction for simple assault of a police officer rather than aggravated assault, we reverse and remand for sentencing consistent with the simple assault statute. *Page 1269 
 I.
Shortly after midnight on September 21, 1991, Officer Marlon Hendon responded to a call that stated there was gunfire in the area of Aquarius Circle/Wiggins Road in Indianola, Mississippi. Hendon drove his patrol car to the area and observed Gibson standing on the street. Hendon then heard a shot, which hit and penetrated his patrol car. Hendon never saw who fired the shot that hit his patrol car. However, he later heard from a relay on the radio that Gibson was being chased on foot in the Torino Street area. The next time Hendon saw Gibson was when he picked Gibson up for questioning the next morning.
Meanwhile, officers Cobb and McCaleb, who, also responded to the call, observed Lt. Ford chasing Gibson upon reaching the scene. Gibson then ran in front of the car and Cobb subsequently got out to chase Gibson on foot. Cobb saw Gibson duck into an alley on Torino Street, and when Cobb turned around, he observed Gibson with a gun aimed and pointed at Cobb's chest. Cobb then ordered Gibson to drop his weapon and fall to the ground. Gibson complied with Cobb's order. Cobb then arrested Gibson and asked him where his gun was. Gibson replied that he had no gun. However, Cobb subsequently discovered it in the alley.
At trial Cobb testified that the gun had one bullet in it when it was recovered and that Gibson "could have fired if he wanted to." Cobb also stated that in his mind he thought Gibson was going to fire the gun and that Gibson would possibly have shot him had he fired the gun.
Officer McCaleb testified that he also observed Gibson armed and pointing a gun at officer Cobb. McCaleb stated that Gibson had his arms stretched out straight and in front of his body, holding the gun. McCaleb then jumped out of his car and pointed a gun at Gibson. However, McCaleb stated that at the time he had his weapon drawn on Gibson, Gibson was focused on Cobb. Further, McCaleb was of the opinion that Gibson did not realize that McCaleb was there.
Casey Wilson testified that he was with Gibson that night and that his uncle, Leonard Johnson, had a 9 mm gun, which he kept underneath the seat of his car. Wilson stated that Gibson had his uncle's gun that night and threatened to get even with a police officer named "Cowboy". Wilson also corroborated the other officers' testimony about Gibson wearing a trench coat, which could have hidden: a gun underneath it. Wilson stated that he observed Gibson fire at a moving patrol car in the vicinity of Aquarius Circle.
At the close of the evidence, the jury was instructed and retired to deliberate. The jury returned with a verdict of guilty. Gibson moved for a judgment notwithstanding the verdict or alternatively, for a new trial which the circuit court denied. Gibson was subsequently sentenced to serve twenty (20) years imprisonment, with the last five (5) suspended to be served on supervised probation and to pay $1000 fine and $170 court costs. Gibson was further ordered to undergo and complete drug and alcohol rehabilitation at MDOC. Aggrieved by the verdict and sentence, Gibson perfected his appeal to this Court and requests that this Court: 1) reverse and render his conviction and sentence; 2) reverse and remand for a new trial on the grounds of simple assault; or 3) remand for sentencing for simple assault.
 II.
Gibson contends that the evidence adduced at trial is insufficient to support his conviction because: (1) Gibson never fired his weapon; (2) officer Cobb suffered no bodily injury; and (3) Gibson dropped his weapon when Cobb ordered him to; so that there was no attempt to cause officer Cobb bodily harm.
Gibson was indicted and convicted pursuant to § 97-3-7(2) (Supp. 1974) which provides in pertinent part:
 A person is guilty of aggravated assault if he (a) attempts to cause serious bodily injury to another, or causes such injury purposely, knowingly or recklessly under circumstances manifesting extreme indifference to the value of human life; or (b) attempts to cause or purposely or knowingly causes bodily injury to another with a deadly weapon or other means likely to *Page 1270 
produce death or serious bodily harm; . . . Provided, however, a person convicted of aggravated assault (a) upon a . . . law enforcement officer . . . shall be punished by a fine of not more than Five Thousand Dollars ($5,000.00) or by imprisonment for not more than thirty (30) years, or both.
Miss. Code Ann. § 97-3-7(2) (Supp. 1974). (Emphasis Supplied).
Our simple assault statute states:
 A person is guilty of simple assault if he (a) attempts to cause or purposely, knowingly or recklessly causes bodily injury to another; or (b) negligently causes bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; or (c) attempts by physical means to put another in fear of imminent serious bodily harm; and upon conviction, he shall be punished by a fine of not more than Five Hundred Dollars ($500.00) or by imprisonment in the county jail for not more than six (6) months, or both. Provided, however, a person convicted of simple assault (a) upon a . . . law enforcement officer . . . acting within the scope of his duty, office or employment . . . shall be punished by a fine of not more than One Thousand Dollars ($1,000.00) or by imprisonment for not more than five (5) years, or both. [emphasis added].
Miss. Code Ann. § 97-3-7(1) (Supp. 1974). (Emphasis Supplied).
This Court has, on numerous occasions, defined "attempt" to mean "an attempt to do a certain thing, and some actual overt effort to put the intent into effect." Brown v. State,633 So.2d 1042 (Miss. 1994) citing Murray v. State, 403 So.2d 149, 152 (Miss. 1981); Williams v. State, 209 Miss. 902,48 So.2d 598 (1950); Dill v. State, 149 Miss. 167, 115 So. 203 (1928);Wiggington v. State, 136 Miss. 825, 101 So. 856 (1924); Millerv. State, 130 Miss. 730, 95 So. 83 (1922); Powell v. State,128 Miss. 107, 90 So. 625 (1921); Thompson v. Krutzer,103 Miss. 388, 60 So. 334 (1912). Furthermore, "the act must be such as will apparently result, in the usual and natural course of events if not hindered by extraneous causes, in the commission of the crime itself, and an act apparently adapted to produce the intended result is sufficient to constitute the overt act essential to an attempt." Bucklew v. State, 206 So.2d 200, 202 (Miss. 1968). The case most analogous to the instant case isMurray v. State, 403 So.2d 149 (Miss. 1981).
In Murray, we reversed an aggravated assault conviction and remanded for sentencing of simple assault, where a defendant inmate, in a effort to escape from prison, held a shank to a corrections officer's throat. 403 So.2d at 151. During this time, another inmate kept telling the defendant not to hurt the officer and to let the officer go. Id. We recognized that the fact the defendant's fellow inmate told the defendant not to hurt the officer did not constitute an extraneous event which prevented the inmate from stabbing the officer. Id. at 153. The facts ofMurray are not significantly different from the facts of the instant case.
In the instant case, Gibson was ordered to drop the gun by the officer at which the gun was pointed. The record does not reflect that Gibson was aware of any other officers in the vicinity, so Gibson, at least in his own mind, had the advantage. We do not know, from the record, why Gibson did not shoot the officer. After all he had the means and every opportunity to do so. The State's suggestion that the officer's command to drop the weapon was an extraneous event which prevented Gibson from shooting the officer is far fetched and contrary to Murray.[1]
 III.
For the foregoing reasons, we reverse and remand for resentencing for simple assault on a police officer. See Miss. Code Ann. § 97-3-7(1).
REVERSED AND REMANDED. *Page 1271 
HAWKINS, C.J., DAN M. LEE and PRATHER, P.JJ., and SULLIVAN and McRAE, JJ., concur.
HAWKINS, C.J., concurs with separate written opinion joined by DAN M. LEE, P.J., and SULLIVAN, J.
PITTMAN, J., dissents with separate written opinion joined by JAMES L. ROBERTS, Jr. and SMITH, JJ.
[1] The Dissent cites Nelson v. State, 361 So.2d 343 (Miss. 1978), but neglects to mention that Green was actually shot and that Nelson was claiming that it was an accident. That case had nothing to do with whether there was an attempt. Rather, it stands for the proposition that where one points a loaded weapon and actually causes injury, they may be charged with aggravated assault under the reckless provision of our aggravated assault statute. See Miss. Code Ann. § 97-3-7(2).