# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 1999-KA-00411-SCT

*KELVIN TURNER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 2/15/1999 |
| TRIAL JUDGE: | HON. MARCUS D. GORDON |
| COURT FROM WHICH APPEALED: | SCOTT COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | PRO SE |
| | EDMUND J. PHILLIPS, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: SCOTT STUART |
| DISTRICT ATTORNEY: | KEN TURNER |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 06/06/2002 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 6/27/2002 |

**BEFORE SMITH, P.J., WALLER AND COBB, JJ.**

**COBB, JUSTICE, FOR THE COURT:**

¶1. This case is before this Court on appeal from a judgment entered on a jury verdict of the Scott County Circuit Court, finding Kelvin Turner guilty of aggravated assault upon a law enforcement officer. The trial judge sentenced Turner to serve thirty years without parole as a habitual offender. On appeal, Turner's court-appointed counsel filed a ***Killingsworth*** brief, which in its entirety stated: "[t]he record in this case is almost devoid of objection by Appellant overruled and motion by Appellant denied. Counsel for Appellant regards this appeal without merit." Counsel's certification that he had mailed a copy to Turner, also requested the Court to allow Turner twenty-five days to file a pro se supplemental brief, which Turner subsequently filed.

¶2. This Court previously concluded that the procedure followed by Turner's counsel was inadequate to safeguard Turner's right to counsel, overruled *Killingsworth v. State*, 490 So. 2d 849 (Miss. 1986), and adopted new procedures to be utilized in situations previously controlled by *Killingsworth. See Turner v. State,* 2001 WL 624974 *3 (Miss. 2001). Further, this Court reopened the briefing schedule for additional briefing. *Id.*

¶3. Turner's counsel filed a supplemental brief, following the new procedures established by this Court. He stated that Turner "is unlikely to prevail on appeal" and that, after scouring the record thoroughly, he "found nothing beyond the conflicts between the testimony of Turner and that of Police Officer Dean." Further, applying the proper standard of review, he stated: "Because the credible evidence consistent with guilt must be accepted as true, and because the prosecution must be given the benefit of favorable inferences that may be reasonably drawn from the evidence, the case is not winnable on appeal" (citing *Hammond v. State*, 465 So. 2d 1031, 1035 (Miss. 1985); *Harveston v. State*, 493 So. 2d 365, 370 (Miss. 1986); and *Spikes v. State*, 302 So. 2d 250, 251 (Miss. 1974)).

¶4. Turner also filed a pro se supplemental brief, repeating verbatim his original version of the facts, which corresponded closely with his testimony at trial. He raised three issues which are stated as follows (edited):

> **I. WHETHER THE EVIDENCE WAS INSUFFICIENT TO PROVE TURNER GUILTY BEYOND A REASONABLE DOUBT.**
>
> **II. WHETHER INCONSISTENCIES AND CONTRADICTIONS IN TESTIMONY WARRANT REVERSAL.**
>
> **III. WHETHER THE COURT ERRED BY ADMITTING EVIDENCE THAT TURNER HAD PRIOR CONVICTIONS.**

¶5. Determining that there is no merit to Turner's assignments of error, we affirm the trial court's judgment.

## FACTS

¶6. The indictment charging Turner read in pertinent part as follows:

> [Turner] did willfully, unlawfully, feloniously, purposely and knowingly attempt to cause bodily injury to Ricky Dean, a human being, with a deadly weapon, to-wit: a handgun, by pointing the handgun at the said Ricky Dean and pulling the trigger at a time when the said Ricky Dean was acting within the course and scope of his duty as a law enforcement officer with the City of Forest, Mississippi, Police Department, Contrary to and in violation of 97-3-7(2)(b), Miss. Code Ann. (1972).

¶7. At trial, only three witnesses testified. Officers Jimmy Dean and Mike Lee of the Forest Police Department, and Kelvin Turner. As would be expected, the jury heard two entirely different versions of what happened the night of the encounter between Turner and Officer Dean. Details of the events which led to this appeal are:

> ¶3. While on duty as a uniformed patrol officer for the Forest Police Department, Jimmy Dean saw a pickup truck parked in the driveway of a vacant lot. Dean shined his lights into the truck and saw two males sitting inside. One of them got out of the truck, began walking toward the patrol car, explaining why he was parked in the driveway of the vacant. lot. The other man, later identified as Kelvin

Turner, was asked by Officer Dean if he would talk to hm. Turner then ran because he was a convicted felon and was in possession of a pistol. As Officer Dean ran in pursuit, Turner stumbled and fell to the ground with his hands underneath him. When Dean told Turner to put his hands out where he could see them, Turner continued to hold them beneath his body where Dean could not see them. As Dean attempted to pull Turner's left arm out from underneath his body, Turner rolled over and put his gun to Dean's forehead. Dean backed off, Turner pulled the trigger but the gun merely clicked and did not fire.

¶4. Officer Dean called for backup, then pursued Turner, who ran back to where the truck was parked. By that time a second officer, Thompson, arrived, and Dean and Turner began to struggle again. Officer Dean subdued Turner with mace, and the officers then arrested him.

¶5. The testimony of the witnesses at trial was in direct conflict regarding whether Turner ever pointed his pistol at Dean's head and pulled the trigger. Officer Dean testified that he did, but Turner testified that he threw the gun away during the chase because he did not want to be caught with the gun and also because he was about to fall and did not want to fall on the gun. Turner denied ever pointing the gun at Dean and denied ever pulling the trigger....

*Turner v. State*, 2001 WL 624974, *1 (Miss. 2001).

## STANDARD OF REVIEW

¶8. In *Smith v. State*, 802 So.2d 82, 85 (Miss. 2001), this Court enunciated the well-established standard of review as to the sufficiency of the evidence as follows:

When on appeal one convicted of a criminal offense challenges the legal sufficiency of the evidence, our authority to interfere with the jury's verdict is quite limited. We proceed by considering all of the evidence--not just that supporting the case for the prosecution--in the light most consistent with the verdict. We give the prosecution the benefit of all favorable inferences that may reasonably be drawn from the evidence. If the facts and inferences so considered point in favor of the accused with sufficient force that reasonable men could not have found beyond a reasonable doubt that he was guilty, reversal and discharge are required. On the other hand, if there is in the record substantial evidence of such quality and weight that, having in mind the beyond a reasonable doubt burden of proof standard, reasonable and fairminded jurors in the exercise of impartial judgment might have reached different conclusions, the verdict of guilty is thus placed beyond our authority to disturb.

### I. WHETHER THE EVIDENCE WAS INSUFFICIENT TO PROVE TURNER GUILTY BEYOND A REASONABLE DOUBT.

¶9. In support of his statement that the evidence was insufficient, Turner relies on *Gibson v. State*, 660 So.2d 1268 (Miss. 1995), but his reliance is misplaced. In *Gibson,* this Court reversed because Gibson merely pointed a gun at the officer and lowered it upon command of the officer. By way of contrast, there was testimony in the present case that Turner pointed the gun at Dean and pulled the trigger. The gun merely clicked; it did not fire. There was testimony that Turner attempted to fire a second time, and again the gun clicked and did not fire. Finally, there was evidence that Dean withdrew from Turner, and Turner appeared to be attempting to "rack, maybe, a bullet in it."

¶10. The evidence was sufficient to meet the State's burden of showing that Turner pointed his handgun at

Dean, a law enforcement officer acting within the scope of his duties, and pulled the trigger. Further, this evidence was sufficient to allow a reasonable and fairminded juror to find Turner guilty of aggravated assault upon Officer Dean, pursuant to Section 97-3-7(2)(b). This assignment of error has no merit.

## II. WHETHER INCONSISTENCIES AND CONTRADICTIONS IN TESTIMONY WARRANT REVERSAL.

¶11. Next, Turner argues that the failure to test the gun, the failure to see Turner pull the trigger, and Dean's statement that he was not sure what happened created inconsistencies sufficient to reverse the conviction. However, Dean testified that the gun was in his face and clicked. He was sure it clicked a second time, but he was not certain that he saw and heard Turner rack the gun before the second click, and that he was just trying to get out of there.

¶12. "It is well settled that in such a case of conflicting testimony, each distinct view is absorbed into the minds of the jury as the finders of fact, and it is within the province of the jury to determine the credibility among several witnesses." *Hughes v. State*, 724 So.2d 893, 896 (Miss. 1998)(citing *Jackson v. State*, 614 So.2d 965, 972 (Miss. 1993)).

¶13. It is clear that the jury is the only arbiter of the credibility of witnesses. *Collier v. State*, 711 So.2d 458, 462 (Miss. 1998). When asked to reverse on the ground of inconsistencies or contradictions in testimony, we have held this is clearly in the jury's province and refused. *Id.* "Jurors are permitted, indeed have the duty, to resolve the conflicts in the testimony they hear. It is enough that the conflicting evidence presented a factual dispute for jury resolution." *Groseclose v. State*, 440 So.2d 297, 300 (Miss. 1983) (quoting *Gandy v. State*, 373 So.2d 1042, 1045 (Miss. 1979)). This assignment of error is without merit.

## III. WHETHER THE COURT ERRED BY ADMITTING EVIDENCE THAT TURNER HAD PRIOR CONVICTIONS.

¶14. Turner claims that he was denied a fair trial because his attorney told the judge, or allowed the judge to know, about Turner's prior convictions. He did not object to the argument made by the State, so he waived any objection and is procedurally barred from raising it for the first time on appeal. Nevertheless, we will briefly address the merits.

¶15. Turner testified on direct examination that he had two prior convictions for possession of cocaine and one prior for possession of a firearm by a felon. Turner also testified that he entered pleas of guilty to those crimes and served his time.

¶16. In closing, Turner's counsel argued that Turner entered pleas of guilty and told the truth. He apparently made that argument to support his position that Turner was telling the truth about what happened when he was arrested in the case sub judice. It was Turner's trial strategy to convince the jury that it should believe Turner's version of the facts and reject Officer Dean's version of the facts.

¶17. The State responded that the jury should look at the person and their background when determining the credibility of the witnesses. When Turner testified about his prior convictions, to convince the jury that he was telling the truth, it was appropriate for the State to ask the jury to consider those same facts in determining credibility.

¶18. A prosecutor's reference to the defendant in closing that is fully supported by the defendant's own

testimony is not error. ***Lacy v. State***, 629 So.2d 591, 593 (Miss. 1993). The trial judge is in the best position to determine the prejudicial effect of a comment in closing argument. ***Alexander v. State***, 520 So.2d 127, 131 (Miss. 1988). This issue is without merit.

## CONCLUSION

¶19. Turner's counsel properly followed the new procedures set forth in ***Turner v. State,*** and after scouring the record, he found nothing on which he believed the case could be winnable on appeal. Counsel notified Turner of his right to file a supplemental pro se brief, and this Court has considered Turner's brief and independently reviewed the record. Sufficient evidence exists to support the guilty verdict, and the errors assigned by Turner are without merit. We affirm the judgment of the Scott County Circuit Court.

¶20. **CONVICTION OF AGGRAVATED ASSAULT ON A LAW OFFICER AND SENTENCE OF THIRTY (30) YEARS AS A HABITUAL OFFENDER IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT THE BENEFIT OF PAROLE, SUSPENSION OR REDUCTION OF SENTENCE, AND PAY A FINE OF FIVE THOUSAND DOLLARS ($5,000.00), AFFIRMED.**

> **PITTMAN, C.J., McRAE AND SMITH, P.JJ., WALLER, DIAZ, EASLEY, CARLSON AND GRAVES, JJ., CONCUR.**