938 So.2d 317 (2006)
Taurus CALDWELL, Appellant
v.
STATE of Mississippi, Appellee.
No. 2005-KA-00169-COA.
Court of Appeals of Mississippi.
September 19, 2006.
*319 John Keith Perry, Jr., Starkville, for appellant.
Office of the Attorney General by John R. Henry, attorney for appellee.
Before KING, C.J., GRIFFIS, and BARNES, JJ.
GRIFFIS, J., for the Court.
¶ 1. Taurus Caldwell was convicted of felony possession of marijuana with intent to distribute and sentenced to serve thirty years in the custody of the Mississippi Department of Corrections. On appeal, he claims that the trial judge erred: (1) in the admission of evidence seized in the execution of the search warrant, as the warrant specifically required the officers to "knock and announce," and they did not; (2) in denying Caldwell's motion for a directed verdict because there was insufficient evidence to support a conviction; and (3) in overruling the defendant's objection to the prosecutor's characterization of evidence during closing arguments. We find no error and affirm.

FACTS
¶ 2. On June 25, 2003, a search warrant was executed at a residence located at 502 State Street, Greenwood, Mississippi. The officers arrived at the residence around 6:00 p.m. and secured the premises. The officers attached a chain to the front door, pulled it open and then entered the residence. Caldwell was found alone inside the residence.
¶ 3. The officers seized a package which contained twenty-three pounds or ten kilograms of marijuana, two hand guns, and a scale. Caldwell was arrested and charged with possession of marijuana with intent to distribute. Following a jury trial, Caldwell was convicted.

ANALYSIS

I. Did the trial judge err in the admission of evidence seized in the execution of the "knock and announce" search warrant, when the officers failed to knock and announce?
¶ 4. The standard of review for a trial judge's decision to admit or exclude evidence is abuse of discretion. Graves v. State, 492 So.2d 562, 565 (Miss.1986). Caldwell argues that the trial judge's decision to admit the evidence seized pursuant to the search warrant was in error. Caldwell alleges that the search was fatally defective because the search warrant specifically directed that the search be executed as "knock and announce" and the officers failed to comply with the mandates of the warrant. We find this argument to be without merit.
¶ 5. The warrant issued stated:
THEREFORE, you are hereby commanded to proceed at any time day or night to the place described above and to search forthwith said place for the things specified above, making known to the person or person's [sic] occupying or controlling said place, if any, your purpose and authority for so doing . . . .
¶ 6. In the supporting affidavit that was presented to the issuing judge, the officers requested that a "no knock" warrant be issued. The officers testified that they reasonably believed that they were issued a warrant which allowed them to enter and execute the warrant with out knocking and announcing their entry. The officer's testimony established that their entry was reasonable under the circumstances. White v. State, 746 So.2d 953, 956(¶ 11) (Miss.Ct.App.1999).
¶ 7. The search warrant stated in numbered paragraph five; "[t]he facts tending to establish the foregoing grounds for issuance of a SEARCH WARRANT are shown on a sheet headed `UNDERLYING *320 FACTS AND CIRCUMSTANCES' which is attached hereto, made a part hereof and adopted herein by reference." This incorporation of the underlying facts and circumstances which specifically requested a warrant that allowed them to enter without knocking supports the conclusion that the judge intended to grant a "no knock" warrant. The clerical error of the issuing magistrate will not result in the suppression of the evidence seized. White, 746 So.2d at 957-58(¶ 15). The trial judge did not abuse his discretion in admitting the evidence seized.
¶ 8. In addition, the United Supreme Court recently decided Hudson v. Michigan, ___ U.S. ___, 126 S.Ct. 2159, 165 L.Ed.2d 56 (2006) and concluded that the exclusion of evidence is not required when there is a violation of the knock and announce rule.
¶ 9. Therefore, we find this issue to be without merit and affirm.

II. Did the trial judge err in denying Caldwell's motion for a directed verdict because there was insufficient evidence to support the conviction?
¶ 10. Caldwell argues that the prosecution did not prove that he was in actual or constructive possession of the residence or the marijuana. Therefore, he claims that there was insufficient evidence to support his conviction. In reviewing a sufficiency of the evidence claim, the Court considers the evidence in the light most favorable to the verdict. Bush v. State, 895 So.2d 836, 844(¶ 16) (Miss.2005). If any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt, we will uphold the verdict. Id. Considering the evidence in the light most favorable to the verdict, we find that there was sufficient evidence to convict Caldwell of possession of marijuana with intent to distribute.
¶ 11. Caldwell asserts that his brother Leon Caldwell lived at the residence. The rental agreement and utilities were in Leon's name. Caldwell's mother, Betty Jenkins testified that Caldwell lived with her, and Leon lived in the house described in the search warrant. However, there was also evidence presented to the contrary.
¶ 12. Officer Bedell testified that he observed Caldwell entering and exiting the house on several occasions. Caldwell's vehicle was parked outside the house overnight. Additionally, Bedell testified that articles of clothing that he observed Caldwell wearing were found inside the house during the search.
¶ 13. A Mississippi Valley Gas statement and a bill for a cellular telephone were found during the search. Both of these statements were in the name of the defendant Caldwell and mailed to the residence. Additionally, Caldwell's driver's license and automobile registration listed the address of the residence where he was arrested. From the evidence presented, drawing all inferences in favor of the verdict, a reasonable jury could conclude that Caldwell was in possession or control of the premises where he and the marijuana were seized.
¶ 14. The jury was presented with conflicting testimony. It is clearly in the jury's province and in fact their duty to resolve conflicts in testimony. Turner v. State, 818 So.2d 1181, 1185(¶ 10) (Miss. 2002). We find the evidence was sufficient to support Caldwell's conviction and affirm.

III. Did the trial judge err in overruling Caldwell's objection to the prosecution's characterization of evidence during closing arguments?
¶ 15. Caldwell alleges that the prosecutor misrepresented the facts and *321 evidence during his closing arguments, and the trial judge erred in overruling his objection. Traditionally, attorneys are allowed wide latitude in arguing their cases to the jury. Sheppard v. State, 777 So.2d 659, 661(¶ 7) (Miss.2000). However, prosecutors are not permitted to use tactics which are inflammatory, highly prejudicial, or reasonably calculated to unduly influence the jury. Id. The standard of review that appellate courts must apply to lawyer misconduct during opening statements or closing arguments is whether the natural and probable effect of the improper argument is to create unjust prejudice against the accused so as to result in a decision influenced by the prejudice so created. Id.
¶ 16. During closing arguments the prosecutor said:
Not to mention the fact that, remember, the possession of this house is at issue. You've got two bills. You've got a Mississippi Valley Gas bill that they got during the investigation back in March when they just started investigating, or February, when they started investigating utilities, I should say and you've got a cell phone.
At this point, Caldwell's counsel objected to this as a mischaracterization of the direct testimony. The trial judge did not specifically overrule the objection, but instead held that the prosecutor was on closing and allowed him to continue. The prosecutor then attempted to correct his misstatements.
¶ 17. The trial judge instructed the jury that the "arguments and remarks of the attorneys in this case are intended to help you understand the evidence and apply the law, but such arguments or remarks are not evidence. Any argument or remark having no basis in the evidence should be disregarded by you." The remedial acts of the court are usually deemed sufficient to remove any prejudicial effect from the mind of the jurors. Strahan v. State, 729 So.2d 800, 808(¶ 34) (Miss.1998). The jury is presumed to have followed the directions of the trial judge. Id.
¶ 18. We do not find that this misstatement made by the prosecutor unjustly prejudiced Caldwell. This issue is without merit, and we affirm.
¶ 19. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY OF CONVICTION OF POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE AND SENTENCE OF THIRTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.