324 So.2d 232 (1975)
In the Interest of Randy Joe WATKINS, a minor.
No. 48554.
Supreme Court of Mississippi.
December 22, 1975.
Charles H. Ramberg, Brandon, for appellant.
A.F. Summer, Atty. Gen. by Pete J. Cajoleas, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before PATTERSON, SMITH and BROOM, JJ.

ON PETITION FOR REHEARING
SMITH, Justice, for the Court:
An appeal to this Court is sought by Randy Joe Watkins, a seventeen year old minor, from an order of the Youth Court of Rankin County certifying him to the Circuit Court of that county for prosecution *233 on felony charges of (1) aiding and abetting a burglary and (2) manufacturing marijuana. The case was presented to this Court on briefs and oral argument prior to the decision by the United States Supreme Court on May 27, 1975, styled Breed, Director, California Youth Authority v. Jones, 421 U.S. 519, 95 S.Ct. 1779, 44 L.Ed.2d 346.
A reexamination of the record in the light of Breed reflects that the hearing accorded Watkins by the youth court was not an adjudicatory hearing but was a "transfer" hearing only, and was based upon a petition filed by the county prosecutor asking the youth court to transfer and certify Watkins to the circuit court.
No adjudication by the youth court of Watkins' guilt or innocence of such alleged crimes was sought or had. The youth court judge, in the main, limited proof to testimony that the crimes had been committed and that Watkins had been arrested in connection with them.
The opinion in Breed distinguishes between the two types of hearings but leaves unanswered what type of investigation justifies the youth court in ordering a transfer.
Breed seems to contemplate that the State make an election, at the time proceedings are initiated, as to whether only a transfer is sought rather than the retention of jurisdiction by the youth court and a full adjudication in the case. In Breed, the Court said:
We require only that, whatever the relevant criteria, and whatever the evidence demanded, a State determine whether it wants to treat a juvenile within the juvenile court system before entering upon a proceeding that may result in an adjudication that he has violated a criminal law and in a substantial deprivation of liberty rather than subject him to the expense, delay, strain and embarrassment of two such proceedings.
In either case, the Mississippi statute requires a "full investigation" by the youth court:
If a child thirteen years of age or older is charged with an offense which would be a felony if committed by an adult, the court, after full investigation, may, in its discretion, retain jurisdiction and proceed with the case as a delinquency case, or certify such child for proper criminal proceedings to any court which would have trial jurisdiction of such an offense if committed by an adult, and may fix the amount of bail, except that the circuit court shall have exclusive jurisdiction of such child if he be charged with any crime which, upon conviction, is punishable by life imprisonment or death. [Mississippi Code Annotated section 43-21-31 (1972)].
In a review of the record it appears beyond question that the youth court did not conduct "an adjudicatory hearing" in this case within the meaning of Breed. Moreover, it is clear that no "full investigation" was conducted by the youth court as required by the Mississippi statute as a condition precedent to entering an order of transfer.
This question now presents itself: Is an appeal to this Court permissible from a youth court order that extends no further than "waiving" or declining to assume jurisdiction in a criminal matter involving a minor? In other words, is such an order, entered in a transfer proceeding where adjudication is not sought or proposed, a final judgment or decree from which an appeal to this Court will lie? The youth court having declined jurisdiction, no prosecution for the alleged felonies can take place until and unless an indictment is returned by the grand jury. Moreover, if indicted and convicted the defendant may then appeal and assign for reversal every ground that he has, including an assertion of his claim that he has been placed in double jeopardy.
*234 We hold that no appeal to this Court lies from a youth court order that does no more than decline jurisdiction and certify the case to the circuit court. Otherwise in youth court cases two appeals to this Court would be possible: one from the order of transfer and the other from the conviction in the circuit court. Such a result would be intolerably burdensome and would defeat the purpose of the act through unacceptable delay in final disposition of the case.
Considerable discretion must be allowed the Youth Court Judge in determining whether, in a transfer hearing, the transfer should or should not be made. And while the investigation required by Mississippi Code Annotated section 43-21-31 (1972), is essential to the validity of the transfer order, a direct appeal to this Court will not lie from such an order. Adequacy of the youth court investigation may be challenged by motion to quash an indictment returned pursuant to the transfer, and an adverse ruling of the circuit court on such a motion may be assigned as error on appeal to this Court if a conviction follows. However, a decision of the youth court to transfer, made after investigation, will not be disturbed by this Court in the absence of a clear showing of an abuse of discretion. In order to preserve the question on appeal, the motion to quash an indictment, on the ground that the youth court investigation was inadequate, must be filed and presented prior to trial of the case on the merits in the circuit court, and not afterwards.
The decision of the United States Supreme Court in Breed having been published subsequent to the proceedings of the youth court and to the original presentation of the case in this Court, and although we hold that an appeal from a youth court transfer order to this Court will not lie, and the appeal in this case must be dismissed, nevertheless the case will be remanded to the youth court for the purpose of the full investigation required by statute in that court and for such further proceedings as may be appropriate, not inconsistent with this opinion or the pronouncements of the United States Supreme Court in Breed.
The case was considered by a conference of the Judges en banc.
Appeal dismissed and case remanded to youth court.