**6/3/97**

IN THE COURT OF APPEALS

OF THE

STATE OF MISSISSIPPI

NO. 95-KA-00472 COA

ROBIN HARDIMAN A/K/A ROBIN HOLLAND AND ATARI HOLLAND A/K/A ATARI
HARDIMAN

APPELLANTS

v.

STATE OF MISSISSIPPI

APPELLEE

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. C. E. MORGAN III

COURT FROM WHICH APPEALED: MONTGOMERY COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANTS:

H. LEE BAILEY, JR.

ATTORNEY FOR APPELLEE:

OFFICE OF THE ATTORNEY GENERAL

BY: CHARLES W. MARIS, JR.DISTRICT ATTORNEY: DOUG EVANS

NATURE OF THE CASE: CRIMINAL-FELONY

TRIAL COURT DISPOSITION: HARDIMAN: AGGRAVATED ASSAULT: 12 YRS WITH 2
YRS SUSPENDED FOR 5 YRS, REMAINING 10 YRS TO SERVE, PAY $1,000.00 FINE
WITHIN 1 YR OF RELEASE; HOLLAND: AGGRAVATED ASSAULT: 10 YRS WITH 5 YRS
SUSPENDED FOR 5 YRS & 5 YRS TO SERVE

MOTION FOR REHEARING FILED:6/9/97

MANDATE ISSUED: 10/16/97

BEFORE McMILLIN, P.J., DIAZ, AND SOUTHWICK, JJ.

SOUTHWICK, J., FOR THE COURT:

Defendants, Robin Hardiman and her minor child, Atari Holland, were convicted of aggravated assault in the Circuit Court of Montgomery County. Both defendants appeal the weight of the evidence, peremptory challenges made by the prosecution as violating *Batson v. Kentucky*, and a jury instruction. The minor, Atari Holland, separately argues that she was subjected to double jeopardy as a result of her transfer from youth court to circuit court, and also alleges that her being charged with a greater offense than that which she was originally charged in youth court was reversible error.

Finding no error with regard to Hardiman, we affirm her conviction. Finding one of Holland's claims to be meritorious, we reverse her conviction of aggravated assault, render a conviction of simple assault, and remand to the circuit court for sentencing.

## FACTS

Fourteen year old Atari Holland was sent to the principal's office at Duck Hill Elementary School, where she was suspended for fighting with another girl. After exchanging words with the principal, she left school and returned with her mother. Hardiman and Holland hit the principal with a telephone receiver, a name plate, and a tape dispenser, inflicting multiple bruises on his forehead. The principal spent one night in the hospital because of a "potential severe internal head injury."

Hardiman was charged with aggravated assault in the circuit court. Her daughter, Holland, was charged with simple assault in youth court. After a transfer hearing, Holland was transferred to the circuit court where she was charged with aggravated assault. The two cases were consolidated for trial, where the jury convicted both Hardiman and Holland of aggravated assault.

## DISCUSSION

### I. Weight of evidence

Hardiman and Holland argue the jury's verdict was against the overwhelming weight of the evidence. They argue that the evidence showed that the principal initiated an unprovoked attack on Hardiman by wrapping a telephone cord around her neck. They claim the evidence was supported by the principal's statement to the chief of police on the date of the incident, which stated that he pulled the phone cord around Hardiman's neck to try to get her off of him. They argue that the principal's testimony is untruthful and was impeached by their own witnesses. Hardiman and Holland argue that the witnesses for the State also contradicted each other as to which of them hit the principal with the telephone receiver. They claim that the State's witnesses were not credible, the testimony was fraught with inconsistencies, and that the judgment should be reversed as being against the overwhelming weight of the evidence.

The jury is charged with the responsibility of weighing and considering the conflicting evidence and credibility of the witnesses. *Lewis v. State*, 580 So. 2d 1279, 1288 (Miss. 1991). After reviewing the evidence, we find the jury had substantial evidence on which to base its verdict. Allowing for the jury's discretion in choosing which witnesses to believe and resolving conflicts in testimony, we do not find the verdict to be against the weight of the evidence.

## II. Peremptory challenges

Hardiman and Holland also argue that the State did not meet its burden to come forward with race-neutral explanations for its peremptory challenges against black jurors, as required by *Batson v. Kentucky*. *See Stewart v. State*, 662 So.2d 552, 557 (Miss. 1995).

The standard for reviewing the denial of peremptory challenges is highly deferential. *See Batson v. Kentucky*, 476 U.S. 79, 98 (1986); *Russell v. State*, 607 So. 2d 1107, 1111 (Miss. 1992). One of the reasons the trial court is granted such deference when a *Batson* challenge is raised is because the demeanor of the attorney making the challenge is often the best evidence on the issue of race neutrality. *Hernandez v. New York*, 500 U.S. 352, 365 (1991). The trial judge's findings will only be reversed when it is evident that they are clearly erroneous. *Davis v. State*, 660 So. 2d 1228, 1242 (Miss. 1995), citing *Lockett v. State*, 517 So. 2d at 1350.

Defendants challenge the reason for striking one juror as being pretextual. The reason given by the State was that the juror was a known alcoholic. Defendants argue that based on the juror's denial on voir dire of being an alcoholic, the State's stated reason must have been a pretext for racial discrimination. After the defendants attempted to rebut the reasons given by the State, the court found as a matter of fact, that there was no racial basis for the peremptory strikes. We find no abuse in the trial court's discretion in concluding that the State's reasons for its peremptory challenges were not violative of *Batson.*

## III. Jury instruction on aggravated assault

Hardiman and Holland also argue that the court erred in the instruction on aggravated assault. They allege that a telephone receiver, name plate, and a tape dispenser were not "means likely to produce serious bodily harm," and therefore, this instruction was error.

The supreme court has dealt with many similar arguments. Among the cases is one that held that whether or not hands and closed fists constitute "means likely to produce serious bodily harm" involves a question of fact to be decided by the jury in light of the evidence. *Jackson v. State*, 594 So. 2d 20, 24 (Miss. 1992). In *Jackson*, evidence of a beating with closed fists was sufficient to sustain a conviction for aggravated assault. *Jackson,* 594 So. 2d at 24. In another case, the court held that an ink pen which was being used as a knife could have been a deadly weapon or means likely to produce serious bodily harm. *Simmons v. State*, 568 So. 2d 1192, 1202 (Miss. 1990).

This court will concede that a telephone receiver, name plate, and tape dispenser, used for their intended purpose, are not dangerous weapons or likely to produce serious bodily harm. However, Hardiman and Holland used these objects to strike a man and cause a head injury. The jury could have found the objects used were "means likely to cause serious bodily injury."

IV. Double jeopardy from youth court

Minor Atari Holland argues that she was subjected to double jeopardy in that she was found in the youth court to have committed the same felony, for which she was later tried and convicted in circuit court. As authority, she cites *Breed v. Jones*, 421 U.S. 519 (1975), which held that once a juvenile has been adjudicated delinquent within the youth court system, any further prosecution as an adult in a state court violates the double jeopardy clause of the Fifth and Fourteenth Amendments. In *Breed*, the youth was tried in youth court, then later, tried for the same offense in criminal court.

Unlike *Breed,* Holland was not tried in the youth court. A hearing was held to determine whether her case should be transferred to circuit court. The supreme court has held that *Breed* doesn't apply in that circumstance. *In Re WRA,* 481 So. 2d 280, 288 (Miss. 1985), citing *Interest of Watkins*, 324 So. 2d 232, 233 (Miss. 1975).

V. Charged with greater offense than one in youth court

Holland also argues that she could not be charged with an offense greater than the one she was originally charged with in youth court, which was simple assault. The relevant subsection of the statute states:

[T]he youth court, either on motion of the youth court prosecutor or on the youth court's own motion, after a hearing as hereinafter provided, may, in its discretion, transfer jurisdiction of the *alleged offense described in the petition or a lesser included offense* to the criminal court which would have trial jurisdiction of such offense if committed by an adult."

Miss. Code Ann. 43-21-157(1) (Supp. 1996) (emphasis added).

The State argues that another subsection allows transfer "of the alleged offense and the youth. . . ." Miss. Code Ann. 43-21-157 (4); *see also* Miss. Code Ann. 43-21-157 (8). Under the State's theory, once the youth is transferred, the circuit court can charge the youth with whatever crime it sees fit. In other words, despite the language of subpart (1) that the jurisdiction transferred is of the offense (simple assault) or a lesser offense, Holland in fact is subject to whatever offense that is brought against her in circuit court. We cannot conclude that the quoted language from subsection (1) is surplusage or can be written out of the statute. When the legislature limited the transfer to the offense stated or a lesser one, that was not idle, easily misunderstood language. The supreme court interpreted this language to mean that once a youth and an offense have been transferred, the circuit court shall assume jurisdiction "of any offenses committed by such youth *subsequent* to the transfer of such original offense and prior to the date of final disposition thereof by the circuit court." *Blue v. State*, 674 So. 2d 1184, 1229-30 (Miss. 1996), *cert. den. Blue v. Mississippi*, 117 S.Ct. 588 (1996) (emphasis added). This being Holland's original offense transferred from youth court, the circuit Court is limited to the offense charged in the youth court indictment or a lesser offense.

However, even though Holland was improperly charged with aggravated assault, a retrial under the lesser charge of simple assault is unnecessary. The jury in finding Holland guilty of aggravated assault, necessarily found her guilty of the lesser included offense. *See Jackson v. State*, 684 So. 2d

1213 (Miss. 1996). Therefore, we reverse Holland's conviction of aggravated assault and render judgment of guilt on simple assault. It is necessary to remand to the circuit court for sentencing.

**THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY OF CONVICTION OF ROBIN HARDIMAN OF AGGRAVATED ASSAULT AND SENTENCE OF TWELVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH TWO YEARS SUSPENDED FOR FIVE YEARS, AND PAY A $1,000.00 FINE IS AFFIRMED.**

**THE JUDGMENT OF THE CIRCUIT COURT OF MONTGOMERY COUNTY OF CONVICTION OF ATARI HOLLAND OF AGGRAVATED ASSAULT AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH FIVE YEARS SUSPENDED FOR FIVE YEARS, IS REVERSED. JUDGMENT IS RENDERED ON SIMPLE ASSAULT AND THE CAUSE REMANDED FOR SENTENCING.**

**ALL COSTS OF THIS APPEAL ARE ASSESSED TO MONTGOMERY COUNTY.**

**BRIDGES, C.J., McMILLIN AND THOMAS, P.JJ., COLEMAN, DIAZ, HERRING, HINKEBEIN, KING, AND PAYNE, JJ., CONCUR.**