# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 2001-CA-00345-COA

RHEUVONIA BUCK                                              APPELLANT

v.

STATE OF MISSISSIPPI                                          APPELLEE

DATE OF TRIAL COURT JUDGMENT:   01/29/2001
TRIAL JUDGE:                                    HON. FRANK G. VOLLOR
COURT FROM WHICH APPEALED:      WARREN COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:          JAMES L. PENLEY JR.
ATTORNEY FOR APPELLEE:           OFFICE OF THE ATTORNEY GENERAL
                                              BY: CHARLES W. MARIS JR.
NATURE OF THE CASE:               CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:         POST-CONVICTION RELIEF IS DENIED
DISPOSITION:                       AFFIRMED - 06/11/2002
MOTION FOR REHEARING FILED:     6/20/2002; denied 8/27/2002
CERTIORARI FILED:                 9/9/2002
MANDATE ISSUED:

   BEFORE KING, P.J., BRIDGES, AND CHANDLER, JJ.

   BRIDGES, J., FOR THE COURT:

¶1. This case comes on appeal from denial on the merits of a motion for post-conviction relief. Rheuvonia R. Buck, a minor at the time of her offense, asked to be certified to circuit court from youth court, and then pled guilty in circuit court on one charge of sale of cocaine. The court sentenced her to ten years in prison with five years suspended, with no fine. Buck filed a PCR motion that the court denied on its merits.

## STATEMENT OF ISSUES

   **I. DID THE COURT ERR IN FINDING THAT BUCK RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL BEFORE THE YOUTH COURT?**

   **II. DID THE COURT ERR IN FINDING THAT BUCK RECEIVED EFFECTIVE ASSISTANCE BEFORE THE CIRCUIT COURT?**

## FACTS

¶2. Buck sold cocaine to an undercover agent while a minor.

## STANDARD OF REVIEW

¶3. "When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Brown v. State*, 731 So. 2d 595, 598 (¶6) (Miss. 1999).

## ANALYSIS

¶4. Buck makes two assignments of error, alleging ineffective assistance of counsel at both her youth court hearing and her plea hearing in circuit court. "To successfully claim ineffective assistance of counsel the Defendant must meet the two-pronged test set forth in *Strickland v. Washington,* 466 U.S. 668, 687 (1984)." *Moody v. State*, 644 So. 2d 451, 456 (Miss. 1994). The *Strickland* test requires the defendant demonstrate first the deficiency of the counsel's performance, and second that the deficiency was sufficient to prejudice the defense. *Strickland,* 466 U.S. at 687. The defendant faces a strong yet rebuttable presumption that counsel performed adequately, and must show a reasonable probability that but for counsel's errors, defendant would have received a different result. *Moody*, 644 So. 2d at 456. The court must look at the totality of the circumstances, with deference towards counsel's actions, to determine a factual basis for the claim. *Id*. If the defendant raises questions of fact regarding either deficiency of counsel or prejudice, she is entitled to an evidentiary hearing. *Id*. If the court finds counsel was ineffective, the appropriate remedy is remand for a new trial. *Id*.

### I. DID THE COURT ERR IN FINDING THAT BUCK RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL BEFORE THE YOUTH COURT?

¶5. Buck's first assignment of error alleges that she was inappropriately certified to circuit court, although she was certified at her own request and against her attorney's advice. During the certification hearing, Buck affirmed that she wished to be certified as an adult and transferred to the circuit court. Her attorney, Mike Bonner, stated that this was contrary to his advice. The court questioned Buck, and she affirmed that she wished to proceed to circuit court. Both Buck and her mother offer affidavits stating that they were confused and did not speak with Buck's attorney prior to that day in court; however, during the hearing for post-conviction relief in circuit court, Buck's mother admitted that she spoke with Bonner before Buck's appearance, and that Buck was adamant about transferring to circuit court.

¶6. A transfer from youth court to circuit court via a motion for certification requires a hearing in two parts: in the first part, the court must make a probable cause determination (or the defendant can waive this determination); in the second part of the hearing, the court must adduce through clear and convincing evidence that the transfer is appropriate based on several statutory factors. Miss. Code Ann. § 43-21-157 (Rev. 2001). The statute applies exclusively to transfer motions initiated sua sponte from the court or by the district attorney, and makes no mention of defendant initiated motions for transfer. *Id*. There is no extant case law in Mississippi regarding defendant initiated transfers.

¶7. Beyond the unreliable evidence offered by Buck and her mother in the affidavits and subsequently impeached in the PCR hearing, there is no evidence of any deficiency by Bonner in his treatment of Buck's case. Nor does Buck show that the result of the certification hearing would be different. Buck is procedurally barred from questioning the validity of the certification, because 1) Buck received a full hearing in youth court, where she was represented by counsel; 2) Buck requested certification herself; and 3) Buck did not move to quash the indictment, which was the appropriate remedy. *In re Watkins*, 324 So. 2d 232, 234 (Miss. 1975).

## II. DID THE COURT ERR IN FINDING THAT BUCK RECEIVED EFFECTIVE ASSISTANCE BEFORE THE CIRCUIT COURT?

¶8. Buck's second assignment of error alleges that her representation was inadequate at her guilty plea hearing. However, no additional proofs are offered beyond the two affidavits from Buck and her mother. Neither affidavit provides any specific acts of either attorney that may serve to indicate a deficient performance; the record reinforces this perception. Buck's attorney in circuit court, Clifford Whitney, opposed her open plea of guilt to one charge of sale of cocaine, because the State offered three years of prison time, with three years suspended and probation. Buck believed that she would not serve any time with an open plea, despite the court's statement that she would serve time during the plea hearing, and Whitney's opposition to her open plea.

¶9. Buck again fails to show any deficiency in her counsel's actions. In the case of her plea, there is substantial evidence that if she followed her attorney's advice, she would have received a lighter sentence. This does not constitute prejudice, nor deficient representation.

## CONCLUSION

¶10. Buck's two claims of ineffective assistance of counsel fail to meet the threshold burden of establishing deficiency or prejudice on the part of her attorneys. Consequently, her claims lack merit, and we affirm the judgment of the Circuit Court.

¶11. **THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.**

**McMILLIN, C.J., THOMAS, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. SOUTHWICK, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE AND IRVING, JJ.**

KING, P.J., DISSENTING:

¶12. With appropriate respect for the opinion of my colleagues in the majority, I am compelled to dissent on the issue of whether Buck received effective assistance of counsel in the Youth Court of Warren County. I believe that Buck was poorly and constitutionally ineffectively served by her attorney.

¶13. Pursuant to Section 43-21-151(1) Mississippi Code Annotated, the youth court shall have exclusive original jurisdiction of all proceedings concerning a delinquent child,[1] except:

(a) Any act attempted or committed by a child, which if committed by an adult would be punishable under state or federal law by life imprisonment or death, will be in the original jurisdiction of the circuit court:

(b) Any act attempted or committed by a child with the use of a deadly weapon, the carrying of which concealed is prohibited by section 97-37-1, or a shotgun or a rifle, which would be a felony if committed by an adult, will be in the original jurisdiction of the circuit court.

¶14. While placing exclusive original jurisdiction of delinquent children in the youth court, the legislature has provided that the youth court may "either on motion of the youth court prosecutor or on the youth court's own motion," transfer a case to the appropriate adult court. A transfer pursuant to Section 43-21-157 requires at least ten days' notice, and representation by counsel at a bifurcated hearing. Section 43-21-157(3) requires that the youth court first make a determination that probable cause exists to believe that an offense has been committed, and the juvenile committed the offense.

¶15. Under Section 43-21-157(4) the youth court may only transfer if it "finds by clear and convincing evidence[2] that there are no reasonable prospects of rehabilitation within the juvenile justice system."

¶16. In considering the prospects for treatment within the juvenile system, the youth court, pursuant to Section 43-21-157(5), is required to consider and make a finding on the following factors:

(a) Whether or not the alleged offense constituted a substantial danger to the public;

(b) The seriousness of the alleged offense;

(c) Whether or not the transfer is required to protect the community;

(d) Whether or not the alleged offense was committed in an aggressive, violent, premeditated or willful manner;

(e) Whether the alleged offense was against persons or against property, greater weight being given to the offense against persons, especially if personal injury resulted;

(f) The sophistication, maturity and educational background of the child;

(g) The child's home situation, emotional condition and life-style;

(h) The history of the child, including experience with the juvenile justice system, other courts, probation, commitments to juvenile institutions or other placements;

(i) Whether or not the child can be retained in the juvenile justice system long enough for effective treatment or rehabilitation;

(j) The dispositional resources available to the juvenile justice system;

(k) The dispositional resources available to the adult correctional system for the child if treated as a adult;

(l) Whether the alleged offense was committed on school property, public or private, or at any school-sponsored event, and constituted a substantial danger to other students;

(m) Any other factors deemed relevant by the youth court;

¶17. While this Court does not have the youth court record before it, there is nothing in the record before us, which allows us to say with confidence that these things were considered.

¶18. If after consideration of Section 43-21-157(5) factors, the youth court finds transfer to be appropriate, Section 43-21-157(6) requires that:

(6) If the youth court transfers jurisdiction of the alleged offense to a criminal court, the youth court shall enter a transfer order containing:

(a) Facts showing that the youth court had jurisdiction of the cause and of the parties;

(b) Facts showing that the child was represented by counsel;

(c) facts showing that the hearing was held in the presence of the child and his counsel;

(d) A recital of the findings of probable cause and the facts and reasons underlying the youth court's decision to transfer jurisdiction of the alleged offense;

(e) the conditions of custody or release of the child pending criminal court proceedings, including bail or recognizance as the case may justify, as well as a designation of the custodian for the time being; and

(f) A designation of the alleged offense transferred and of the court to which the transfer is made and a direction to the clerk to forward for filing in such court a certified copy of the transfer order of the youth court.

¶19. The order entered by the youth court does not meet these requirements. The transfer order is a part of the record before this Court.

¶20. That order provides:

This cause came on for hearing on April 8, 1999 on the Motion of the State of Mississippi to certify as an adult Rhevonia Buck, a minor child whose date of birth is August 4, 1982, for a charge of sale of cocaine which allegedly occurred in Warren County, Mississippi on April 2, 1999, and the Court being satisfied with the jurisdiction of the subject matter and of the parties and having heard the Motion of the State and counsel for the youth having announced that the youth and her mother have agreed to the certification, and the Court being of the opinion that the relief sought should be granted, it is therefore,

ORDERED AND ADJUDGED that the jurisdiction of the youth, Rhevonia Buck, whose date of birth is August 4, 1982, as well as the charge of sale of cocaine which occurred in Warren County, Mississippi on April 2, 1999, are hereby transferred to the Circuit Court of Warren County, Mississippi for further proceedings. That all procedural matters pursuant to the Youth Court Act with regards to the certification have been complied with. That bond is hereby set at $25,000.00 returnable to the next Term of the Warren County Grand Jury. The Sheriff of Warren County, Mississippi is hereby ordered to take custody of the youth and to transfer her to the Warren County adult jail.

ORDERED AND ADJUDGED this the 8th day of April, 1999.

¶21. The order is signed by the youth court judge and approved as to form by the youth court prosecutor

and Buck's counsel.

¶22. While the majority states that Buck was certified at her request, the order states that it was the request of the prosecutor, and agreed to by Buck. This appears to recognize that a court cannot of its own volition, expand or contract its jurisdiction except as allowed by law. Transfer is a matter of jurisdiction. The statutes of this state do not provide for a transfer request by a juvenile, or her counsel.

¶23. Indeed, to even call the matter to the court's attention is constitutionally ineffective assistance of counsel. Such an act is akin to a confession of guilt by defendant's counsel, when there is no benefit to be gained by the defendant. This is particularly true where, as in this case, counsel's actions subjected Buck to a far harsher penalty than could have been imposed upon her in the juvenile system.

¶24. The law has predetermined that juveniles are special people, who cannot abrogate their rights, except under very limited circumstances. *In re Winship*, 397 U.S. 358, 359 (1970); *see also In Interest of Gressett,* 272 So.2d 921, 922 (Miss. 1973).

¶25. This recognition of special circumstances is further set out in Section 43-21-311(4) which forbids the interview or an interrogation of a child in a detention facility without prior youth court approval.

¶26. I believe the actions of the Warren County Youth Court failed to comply with the statutory and constitutional protections accorded Buck, and these failures did not effectively transfer jurisdiction to the circuit court. I also believe that counsel provided constitutionally ineffective assistance counsel. For these reasons, I would reverse and remand this case to the Warren County Youth Court.

**LEE AND IRVING, JJ., JOIN THIS SEPARATE WRITTEN OPINION.**

1. Section 43-21-105, defines delinquent child and delinquent act, respectively as:

> (i) "Delinquent child" means a child who has reached his tenth birthday and who has committed a delinquent act or, while being required to attend an alternative school program provided under Section 37-13-92, willfully and habitually absents himself therefrom.

> (j) "Delinquent act" is any act, which if committed by an adult, is designated as a crime under state or federal law, or municipal or county ordinance other than offenses punishable by life imprisonment or death. A delinquent act includes escape from lawful detention and violations of the Mississippi Schools Compulsory Attendance Law, violations of the Uniform controlled Substances Law and violent behavior.

2. The requirement of clear and convincing evidence places a heightened burden upon the youth court prior to transfer of a child to the adult system. *Foster v. State,* 639 So. 2d 1263, 1293 (Miss. 1994); *State v. U.G.,* 726 So. 2d 151 (¶34) (Miss. 1999) (Banks, J. dissenting). This heightened standard is consistent with the philosophy of the youth court act that children are vulnerable, and require special protection.