BRIDGES, J.,
for the court.
¶ 1. This case comes on appeal from denial on the merits of a motion for post-conviction relief. Rheuvonia R. Buck, a minor at the time of her offense, asked to be certified to circuit court from youth court, and then pled guilty in circuit court on one charge of sale of cocaine. The court sentenced her to ten years in prison with five years suspended, with no fine. Buck filed a PCR motion that the court denied on its merits.
STATEMENT OF ISSUES
I. DID THE COURT ERR IN FINDING THAT BUCK RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL BEFORE THE YOUTH COURT?
II. DID THE COURT ERR IN FINDING THAT BUCK RECEIVED EFFECTIVE ASSISTANCE BEFORE THE CIRCUIT COURT?
FACTS
¶ 2. Buck sold cocaine to an undercover agent while a minor.
STANDARD OF REVIEW
¶ 3. “When reviewing a lower court’s decision to deny a petition for post conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
ANALYSIS
¶ 4. Buck makes two assignments of error, alleging ineffective assistance of counsel at both her youth court hearing and her plea hearing in circuit court. “To successfully claim ineffective assistance of counsel the Defendant must meet the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).” Moody v. State, 644 So.2d 451, 456 (Miss.1994). The Strickland test requires the defendant demonstrate first the deficiency of the counsel’s performance, and second that the deficiency was sufficient to prejudice the defense. Strickland, 466 U.S. at 687, 104 S.Ct. 2052. The defendant faces a strong yet rebuttable presumption that counsel performed adequately, and must show a reasonable probability that but for counsel’s errors, defendant would have received a different result. Moody, 644 So.2d at *866 456. The court must look at the totality of the circumstances, with deference towards counsel’s actions, to determine a factual basis for the claim. Id. If the defendant raises questions of fact regarding either deficiency of counsel or prejudice, she is entitled to an evidentiary hearing. Id. If the court finds counsel was ineffective, the appropriate remedy is remand for a new trial. Id.
I. DID THE COURT ERR IN FINDING THAT BUCK RECEIVED EFFECTIVE ASSISTANCE OF COUNSEL BEFORE THE YOUTH COURT?
¶ 5. Buck’s first assignment of error alleges that she was inappropriately certified to circuit court, although she was certified at her own request and against her attorney’s advice. During the certification hearing, Buck affirmed that she wished to be certified as an adult and transferred to the circuit court. Her attorney, Mike Bonner, stated that this was contrary to his advice. The court questioned Buck, and she affirmed that she wished to proceed to circuit court. Both Buck and her mother offer affidavits stating that they were confused and did not speak with Buck’s attorney prior to that day in court; however, during the hearing for post-conviction relief in circuit court, Buck’s mother admitted that she spoke with Bonner before Buck’s appearance, and that Buck was adamant about transferring to circuit court.
¶ 6. A transfer from youth court to circuit court via a motion for certification requires a hearing in two parts: in the first part, the court must make a probable cause determination (or the defendant can waive this determination); in the second part of the hearing, the court must adduce through clear and convincing evidence that the transfer is appropriate based on several statutory factors. Miss.Code Ann. § 43-21-157 (Rev.2001). The statute applies exclusively to transfer motions initiated sua sponte from the court or by the district attorney, and makes no mention of defendant initiated motions for transfer. Id. There is no extant case law in Mississippi regarding defendant initiated transfers.
¶ 7. Beyond the unreliable evidence offered by Buck and her mother in the affidavits and subsequently impeached in the PCR hearing, there is no evidence of any deficiency by Bonner in his treatment of Buck’s case. Nor does Buck show that the result of the certification hearing would be different. Buck is procedurally barred from questioning the validity of the certification, because 1) Buck received a full hearing in youth court, where she was represented by counsel; 2) Buck requested certification herself; and 3) Buck did not move to quash the indictment, which was the appropriate remedy. In re Watkins, 324 So.2d 232, 234 (Miss.1975).
II. DID THE COURT ERR IN FINDING THAT BUCK RECEIVED EFFECTIVE ASSISTANCE BEFORE THE CIRCUIT COURT?
¶ 8. Buck’s second assignment of error alleges that her representation was inadequate at her guilty plea hearing. However, no additional proofs are offered beyond the two affidavits from Buck and her mother. Neither affidavit provides any specific acts of either attorney that may serve to indicate a deficient performance; the record reinforces this perception. Buck’s attorney in circuit court, Clifford Whitney, opposed her open plea of guilt to one charge of sale of cocaine, because the State offered three years of prison time, with three years suspended and probation. Buck believed that she would not serve any time with an open plea, despite the court’s statement that she *867 would serve time during the plea hearing, and Whitney’s opposition to her open plea.
¶ 9. Buck again fails to show any deficiency in her counsel’s actions. In the case of her plea, there is substantial evidence that if she followed her attorney’s advice, she would have received a lighter sentence. This does not constitute prejudice, nor deficient representation.
CONCLUSION
¶ 10. Buck’s two claims of ineffective assistance of counsel fail to meet the threshold burden of establishing deficiency or prejudice on the part of her attorneys. Consequently, her claims lack merit, and we affirm the judgment of the Circuit Court.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF WARREN COUNTY DENYING POST CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WARREN COUNTY.
McMILLIN, C.J., THOMAS, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. SOUTHWICK, P.J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. KING, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE AND IRVING, JJ.