## WIGGINGTON v. STATE.*

(Division A. Dec. 1, 1924.)

[101 So. 856. No. 24245.]

INTOXICATING LIQUORS. *Verdict that "defendant was preparing" to make liquor not sufficient for conviction for "attempt."*
Defendant charged with an attempt to manufacture liquor cannot be convicted on verdict that "defendant was preparing to make alcoholic liquor," since mere preparation may not be an "attempt" to do an act.

*Headnote 1. Intoxicating Liquors, 33 C. J., section 552.

APPEAL from circuit court of Union county.
HON. THOS. E. PEGRAM, Judge.
John Wiggington was convicted of attempting to manufacture liquor and he appeals. Reversed and remanded.

*B. N. Knox,* for appellant.

There was no verdict of guilty as charged in the indictment in this case, because the jury had not reached an agreement. *Williams* v. *State,* 98 A. R. 416, 89 N. J. L. 234. Where, on polling the jury, one of the jurors says he thinks the defendant is guilty of a less crime than that found, and that he assented to the verdict for the sake of reaching an agreement, the judgment should be reversed and the verdict set aside. *Rothbauer* v. *State,* 22 Wis. 468. A verdict should not be received, when on polling the jury, it appears that a juror has not freely and voluntarily agreed to it as reported to the court, or that it is not the unanimous conclusion of the whole jury. *Ponder* v. *State,* 74 S. E. 715; *State* v. *Austin,* 6 Wis. 205; *U. S.* v. *Reid,* 210 Fed. 486; *U. S.* v. *Kenney,* 90 Fed. 257; *Goolsby* v. *State,* 35 So. 212. In the Williams case above cited the court held that "the process of agreeing upon a verdict continues as long as there is any uncertainty or contingency as to finality of determination, and a verdict which is made to depend upon any contingency is insufficient and should be set aside." I submit to the court that this was not a verdict of guilty, but was in reality a verdict of not guilty. As to amendment or correction of verdicts, the trial judge should act with great caution, and question the jurors only where there is no question of propriety or regularity of the proceeding; otherwise the jury should be retired by the court to further consider their verdict, and for which this appellant asked. *Herron* v. *Bondurant,* 45 Miss. 683; *Skyes* v. *State,* 92 Miss. 247. There is a difference between a "preparation" to do a thing and an "attempt" to do that same thing. In the case at bar, the defendant was being tried for an "attempt' to commit a crime; the jury, evidently did not believe that he had made any such attempt by committing an overt act towards same, and in this case the commission of some overt act constitutes the offense. One juror said

that he did not believe from the evidence that the defendant was guilty of an attempt to make whisky. If anything, this was a verdict of not guilty. *Duncan* v. *State,* 49 Miss. 331.

I sincerely submit that the judgment of the lower court should be reversed and the appellant discharged.

*Harry M. Bryan,* Assistant Attorney-General, for the state.

Was the verdict a legal one and a verdict of guilty as charged? "A verdict is a unanimous decision made by the jury and reported to the court." *James* v. *State,* 55 Miss. 57. But, "a verdict which is the result of real harmony of thought is not open to criticism." 27 R. C. L. 850. However, in the same authority, on page 852, we find the following rule announced: "The validity of a verdict is determined from the pleadings and issues on which it is based; therefore, to be sufficient it must respond substantially to them. It is bad if it varies substantially from the issue, or finds only a part of that which is in issue. The reason of the rule is obvious; it results from the nature and the end of the pleading. Whether the jury find a general or special verdict, it is their duty to decide the very point in issue; and although the court in which the cause is tried may give form to a general finding, so as to make it harmonize with the issue, yet if it appears to the court, or to the appellate court, that the finding is different from the issues, or is confined to a part only of the matter in issue, no judgment can be rendered on the verdict." And on page 858 it is held that although a verdict is defective in form, if it substantially finds the question in issue in such a way as will enable the court intelligently to pronounce judgment thereon for one or the other party according to the manifest intention of the jury, it is sufficient.

The next question is, is preparing to manufacture the

same as attempting to manufacture. In Webster's New International Dictionary, "prepare" is defined as follows: "To make ready; to fit, adapt or qualify for a particular purpose, end or condition; to put into the state for use or application; to get ready, to provide, to equip; to fit out, hence, to make." These definitions carry the idea of the commission of an overt act in the consummation of a thing to be done. From the testimony in this case the necessary overt act to constitute an attempt had been performed to sustain a verdict of guilty. *Powell* v. *State,* 90 So. 625; *Stokes* v. *State,* 92 Miss. 415, 46 So. 627, 21 L. R. A. (N. S.) 989; *Cunningham* v. *State,* 45 Miss. 685.

HOLDEN, J., delivered the opinion of the court.

John Wiggington appeals from a conviction on a charge of attempting to manufacture liquor. The main question presented on the appeal is whether or not the verdict of the jury and judgment rendered thereon is valid.

After hearing the evidence and arguments the jury retired and returned the following verdict:

"We, the jury, believe the defendant was preparing to make alcoholic liquor, and ask the court to be as lenient as possible."

And it seems from the record that upon the return of this verdict the court polled the jury and questioned them in an effort to find out what they meant by their verdict. Some of them, at least four of the jurors, said they did not really know exactly what their verdict was intended to be. At all events the court did not have the verdict corrected or a proper one rendered by the jury, but proceeded to render a judgment on the verdict in the form in which it was returned.

We do not think the verdict and judgment is valid, because there is no finding by the jury on the charge of attempting to manufacture liquor, but the finding is that

"the defendant was preparing to make alcoholic liquor."
The charge is not one of preparing to make liquor but
is one of attempting to make liquor.  Mere preparation
may not be an attempt to do an act, as is well established
in all the law books; therefore the verdict returned by
the jury is invalid, and the judgment must be reversed
and the case remanded.

*Reversed and remanded.*