523 So.2d 77 (1988)
Alan McFADDEN
v.
STATE of Mississippi.
No. 58158.
Supreme Court of Mississippi.
April 6, 1988.
Rehearing Denied April 27, 1988.
*78 Alan McFadden, pro se.
Edwin Lloyd Pittman and Mike Moore, Attys. Gen. by Harold H. Brittain, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and ROBERTSON and ZUCCARO, JJ.
ZUCCARO, Justice, for the Court:
Alan McFadden appeals the denial by the Circuit Court of Sunflower County of a writ of mandamus to compel the officials of the Mississippi State Penitentiary to deduct earned time from his parole eligibility date, presently set at September 11, 2000. Finding no error, we affirm.
McFadden is serving sentences at Parchman on three armed robbery charges. He was sentenced September 26, 1980, in Neshoba County to a term of life; on August 28, 1981, in Choctaw County to serve thirty years consecutive with the 1980 sentence; and on February 22, 1982, to ten years to run concurrently with the 1980 life sentence. He has been continuously confined since September 11, 1980. Under § 47-7-3(1)(d) and § 47-5-139(3), Miss. Code Ann. (1972), he must serve a minimum of ten years on each of the consecutive sentences, or a total of twenty mandatory years.
47-7-3(1)(d)
No person shall be eligible for parole who shall, on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm until he shall have served ten (10) years if sentenced to a term or terms of more than ten (10) years or if sentenced to a term of the natural life of such person.
47-5-139(3)
An offender under two (2) or more consecutive sentences shall be allowed commutation based upon the total term of the sentences.
Under § 47-5-139(6) Miss. Code Ann. (1972) only Class I offenders are eligible for parole. McFadden has been a Class I prisoner and accumulating earned time since October 28, 1981. He contends that 30% of that good time should be deducted from his parole eligibility date. This was permitted (but not mandated) under § 47-5-139 as it existed prior to July 1982.
47-5-139(2)
Up to thirty percent (30%) of the above earned time days may be deducted from the offender's parole eligibility time.
On January 5, 1981, the Attorney General of Mississippi issued a formal opinion that for mandatory sentences such as McFadden's "earned time" cannot be used to reduce the sentence to less than ten (10) years. From that date forward, the practice of allowing earned time to shorten parole eligibility was discontinued. The statute was amended to delete the thirty percent language in July of 1982.
McFadden, arguing the statute as though it were still in effect, contends he is entitled to have thirty percent of his earned good time deducted from his parole eligibility date. Since the Attorney General's opinion was issued in January 1981 and McFadden became eligible for earned time in October 1981, he has no claim of entitlement to reduction of his parole eligibility date. He was not eligible for parole and had accumulated no earned time when the thirty percent practice was in effect. The decision of the lower court to deny the petition for writ of mandamus is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and GRIFFIN, JJ., concur.