633 So.2d 1042 (1994)
Lawrence BROWN
v.
STATE of Mississippi.
No. 91-KA-00600.
Supreme Court of Mississippi.
Decided March 10, 1994.
Robert A. Davis, Rex K. Jones, Hattiesburg, for appellant.
Michael C. Moore, Atty. Gen., John R. Henry, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, C.J., and SULLIVAN and SMITH, JJ.
HAWKINS, Chief Justice, for the Court:
Lawrence Brown was indicted under a multicount indictment charging him with burglary of an inhabited dwelling (Count 1), rape of Toni Sue Davis (Count 2), sexual battery of Toni Sue Davis (Count 3),[1] and aggravated assault of Wendy Davis (Count 4). A jury found Brown not guilty of burglary of an inhabited dwelling but found him guilty of rape and aggravated assault. He was sentenced to serve twenty years in the Mississippi Department of Corrections for rape and ten years in the Mississippi Department of Corrections for aggravated assault, the second sentence to run consecutive to the first. Because Brown's conviction of aggravated assault of Wendy Davis is not supported by the evidence, we reverse and remand for the sole purpose of sentencing him for simple assault on this charge.
This is a companion case to Davis v. State, 611 So.2d 906 (Miss. 1992). The sordid facts forming the basis of criminal charges are set forth in Davis, and there is no need to repeat them. Brown was the strange man in Mrs. Davis' bedroom when she awakened around 2:00 to 2:30 a.m. on the early morning of July 19, 1989. He admitted being on the Davis premises and having intercourse with Mrs. Davis but insisted that his participation in the events resulted from the express request of Charles Ralph Davis, the victim's husband.
Although Brown asserts error in his conviction of the rape of Mrs. Davis, we have concluded, after careful examination of the record, that there is no reversible error in his conviction on this charge of the indictment. We, therefore, direct our attention *1043 towards Brown's conviction of aggravated assault of Wendy Davis.
Wendy, eight-year-old daughter of Toni Sue and Charles Ralph Davis, was asleep in the bed with her mother when Brown entered the Davis bedroom prior to the rape. Brown threatened to kill Mrs. Davis and told her in explicit words he was going to have sex with her. Mrs. Davis submitted to Brown's desires and neither screamed nor yelled for fear of awakening Wendy. When a foreign object was subsequently forced into her vagina, Mrs. Davis, unable to control the pain, screamed and Wendy awakened. Wendy started screaming. Brown pointed a gun toward Wendy and commanded her to "shut up." Wendy complied. Brown did not touch or make any advances toward Wendy. After relating the gun pointing incident, Wendy testified:
Q Okay. Do you remember what the black man did with the gun?
A Unh-unh. [Negative] I don't know where he laid it.
Wendy did testify that she was afraid of getting shot when the gun was pointed toward her.
This is the full extent of the testimony supporting the verdict on this count. The undisputed evidence shows Brown had the means and opportunity to cause Wendy great bodily harm but did not "attempt" to do so. Nothing prevented Brown from discharging the firearm. On the other hand, the same evidence shows conclusively that Brown attempted by physical menace to put Wendy in fear of imminent serious bodily harm.
Upon conclusion of the State's case-in-chief, Brown moved for a directed verdict alleging the evidence failed to show he attempted, by use of a deadly weapon, to cause bodily injury to Wendy. The motion was renewed upon conclusion of all the evidence. Brown sought and was refused a peremptory instruction on the issue and preserved the point in his new trial motion. On appeal, he maintains that the evidence showed clearly he could have only been guilty of simple assault. We agree. Murray v. State, 403 So.2d 149 (Miss. 1981), controls the issue. In Murray, we reversed a verdict of aggravated assault upon a law enforcement officer by a prison inmate because the proof failed to show an actual unequivocal intent on the part of the inmate to cause the officer bodily harm when the inmate had the means and opportunity to do so. In Murray, we stated:
In 1974, the Legislature revised the statutory crimes of assault and assault and battery. 1974 Miss. Laws, Ch. 458 (codified in Mississippi Code Annotated § 97-3-7 (Supp. 1980)). The first paragraph of this act defines simple assault and provides the punishment therefor. The pertinent portions read as follows:
1) A person is guilty of simple assault if he . .. (c) attempts by physical menace to put another in fear of imminent serious bodily harm; ...
The second paragraph of the act deals with aggravated assault and the punishment therefor, the pertinent portions of which read as follows:
(2) A person is guilty of aggravated assault if he ... (b) attempts to cause ... bodily injury to another with a deadly weapon or other means likely to produce death or serious bodily harm; . ..
The serious question before this Court from an examination of the record is whether the accused is guilty of aggravated assault or the lesser offense embraced therein of simple assault.
To be guilty of aggravated assault under facts as revealed in this record it is necessary that the accused "attempted to cause bodily injury to another with a deadly weapon." The key word is "attempt," and the question is: did the defendant attempt to cause bodily injury to Winters with a deadly weapon?
This Court has had numerous occasions to define the word "attempt" and its application to the particular types of cases. Williams v. State, 209 Miss. 902, 48 So.2d 598 (1950); Dill v. State, 149 Miss. 167, 115 So. 203 (1928); Wigginton v. State, 136 Miss. 825, 101 So. 856 (1924); Miller v. State, 130 Miss. 730, 95 So. 83 (1922); Powell v. State, 128 Miss. 107, 90 So. 625 (1921); Thompson v. Krutzer, 103 Miss. 388, 60 So. 334 (1912). Generally "attempt" means an intent to do a certain *1044 thing, and some actual, overt effort to put the intent into effect.
Two cases in this Court best delineate "attempt" as applicable to this case. In Jones v. State, 172 Miss. 597, 601-02, 161 So. 143, 144 (1935), this Court stated: "... an attempt implies both purpose and an actual effort to carry that purpose into execution."
In Bucklew v. State, 206 So.2d 200, 202 (Miss. 1968), we stated:
Under the general law it has been pointed out that an attempt to commit a crime consists of three elements: (1) an intent to commit a particular crime; (2) a direct ineffectual act done toward its commission; and (3) the failure to consummate its commission.
....
In a considerable number of cases it has been said that the act must be such as will apparently result, in the usual and natural course of events if not hindered by extraneous causes, in the commission of the crime itself, and an act apparently adapted to produce the intended result is sufficient to constitute the overt act essential to an attempt. (emphasis added)
....
From this record can we say there was an actual, unequivocal intent on the part of Murray to stab this officer? He had the means and every opportunity to do so. See: Hydrick v. State, 246 Miss. 448, 453, 150 So.2d 423, 425 (1963). Can we say that there were extraneous events which prevented his stabbing Officer Winters? We must answer both questions in the negative.
....
Reversed and remanded for sentencing of the crime of simple assault... .
Murray at 151-53.
In the case sub judice, Brown had the means and opportunity to cause Wendy great bodily harm but did not "attempt" to do so. There were no extraneous events preventing Brown from or hindering him in discharging the firearm.
Under the adduced facts and established law, Brown is guilty of simple rather than aggravated assault.
AS TO COUNT II: CONVICTION OF RAPE AND SENTENCE OF TWENTY YEARS AFFIRMED; AS TO COUNT IV: CONVICTION OF AGGRAVATED ASSAULT REVERSED AND REMANDED FOR RESENTENCING FOR SIMPLE ASSAULT.
DAN M. LEE and PRATHER, P.JJ., and SULLIVAN, PITTMAN, BANKS, McRAE, JAMES L. ROBERTS, Jr., and SMITH, JJ., concur.
NOTES
[1] The jury was not instructed on the sexual battery charge, hence it was effectively abandoned.