# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 96-CP-01420-SCT

*LAWRENCE BROWN*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/18/96 |
| TRIAL JUDGE: | HON. MICHAEL RAY EUBANKS |
| COURT FROM WHICH APPEALED: | MARION COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PRO SE |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | RICHARD DOUGLASS |
| NATURE OF THE CASE: | CIVIL - POST CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 1/14/99 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 4/8/99 |

**BEFORE SULLIVAN, P.J., BANKS AND ROBERTS, JJ.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. We have for review a petition for post conviction relief in which it is claimed that the wording of a re-sentencing order on remand revoked parole eligibility and subjected the defendant to multiple prosecutions and punishments for the same crime in violation of his Fifth Amendment right to be free from double jeopardy. We conclude that the trial court had no authority to revoke parole eligibility and did not do so and that the defendant was not subjected to multiple prosecutions or punishments. Accordingly, we affirm.

## I.

¶2. In 1991, Lawrence Brown ("Brown") was convicted of raping Toni Sue Davis. During the same trial Brown was also convicted of aggravated assault for threatening Toni Sue Davis' eight-year old daughter with a gun when she tried to come to the aide of her mother. The facts leading to Brown's conviction are further summarized in ***Brown v. State***, 633 So. 2d 1042 (Miss. 1994), and reported in detail in the companion case of ***Davis v. State***, 611 So. 2d 906 (Miss. 1992). There is no need to fully repeat the facts here.

¶3. Upon conviction, Brown was sentenced to twenty (20) years for rape and ten (10) years for aggravated assault to run consecutively. *Brown*, 633 So. 2d at 1042. On appeal this Court affirmed the rape conviction, but held that the evidence presented at trial was insufficient to support a conviction for aggravated assault. *Id.* at 1044. This Court further found, however, that the evidence was sufficient to support a finding that Brown had committed the lesser included offense of simple assault. *Id.* The case was remanded to the lower court for re-sentencing on a conviction of simple assault. *Id.* On remand the circuit court sentenced Brown to six (6) months for simple assault, to run consecutively with the sentence to be served on the rape conviction.

¶4. In 1996, Brown filed a motion to vacate the judgment and sentence, which the trial court construed to be a petition for post conviction relief.[1] Brown claims that he has been deprived of various liberty interests by the language in the sentencing order. The language of which Brown complains states, "that said six (6) months sentence shall run consecutive to and begin after he has *completely served* his sentence on the Rape charge in this same case." Brown argues that the trial court revoked his parole eligibility by requiring him to "completely serve" the twenty year sentence on the rape conviction before he can start to serve the six months on the simple assault conviction. Brown also claims that because the sentences are to run consecutively, he has been subjected to multiple punishments for the same crime in violation of the double jeopardy clause of the Fifth Amendment.

¶5. The circuit court denied the petition for post conviction relief holding that the power to grant or deny parole is vested in the parole board and that the language in the sentencing order had no bearing on the parole board's consideration. Aggrieved, Brown filed this appeal.

## II.

¶6. When reviewing a lower court's decision to deny a petition for post conviction relief this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous. ***Bank of Mississippi v. Southern Mem'l Park, Inc.***, 677 So. 2d 186, 191 (Miss. 1996). However, where questions of law are raised the applicable standard of review is *de novo*. *Id.* The issues of whether the language of the sentencing order operated as a revocation of Brown's parole eligibility or whether the imposition of consecutive sentences subjected Brown to double jeopardy are questions of law and should be reviewed *de novo*.

## A.

¶7. Brown claims that the wording of the sentencing order turned his twenty (20) year sentence on the rape conviction into a mandatory sentence, thereby revoking his parole eligibility. However, exclusive power over the granting and revoking of parole is vested in this State's parole board. Miss. Code Ann. § 47-7-5 (Supp. 1998). Generally, a trial court has no authority to remove or a revoke a prisoner's parole eligibility. *See* ***Shanks v. State***, 672 So. 2d 1207, 1208 (Miss. 1996) (holding that "[t]he parole board, not the trial court, has jurisdiction over parole matters."). Certain statutes specify that a trial court may or must impose a sentence "without the possibility of parole." *E.g.*, Miss. Code Ann. § 97-3-21 (1994) (person convicted of capital murder may be sentenced to life without parole). But this sentencing authority is separate and distinct from the parole board's authority to grant or revoke parole. ***Mitchell v. State***, 561 So. 2d 1037, 1039 (Miss. 1990). Here the trial court's sentencing options upon a conviction of rape did not include imprisonment without parole. Miss. Code Ann. § 97-3-65(3)(a) (Supp. 1998). Therefore, the trial court

had no authority to revoke or limit Brown's parole eligibility.

¶8. The language in the sentencing order, of which Brown complains, states, "that said six (6) months sentence shall run consecutive to and begin after he has *completely served* his sentence on the Rape charge in this same case." The sentencing order does not specifically set out that the twenty (20) year sentence is "mandatory" or "without parole." Moreover, this Court has held that where the trial court has no statutory authority to limit parole, language purporting to do so is without legal effect. ***Mitchell v. State***, 561 So. 2d 1037, 1039 (Miss. 1990). Language contained in a sentencing order which amounts to conditions which the trial court has no authority to impose "would be treated as surplusage and would not affect the enforcement of the valid portion of the sentence." ***Cain v. State***, 337 So. 2d 935, 936 (Miss. 1976). *See also **Kincaid v. State***, 711 So. 2d 873, 876 (Miss. 1998); ***Gardner v. State***, 514 So. 2d 292, 294 (Miss. 1987). Because the trial court had no authority to revoke Brown's parole eligibility the "completely served" language, of which Brown complains, is surplusage and in no way binds the parole board in the exercise of its discretion in granting or denying Brown parole. Thus, this assignment of error is without merit.

## B.

¶9. Brown claims that the remand and the re-sentencing subjected him to double jeopardy. The Fifth Amendment's double jeopardy clause of the U.S. Constitution provides that "nor shall any person be subject for the same offence to be twice put in jeopardy of life." ***U.S. Const. amend. V***. This prohibition is made applicable to the states through the Fourteenth Amendment's Due Process Clause. ***White v. State***, 702 So. 2d 107, 109 (Miss. 1997).

¶10. "Double jeopardy consists of three separate constitutional protections. 'It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense.'" ***Id.*** at 109 (quoting ***North Carolina v. Pearce***, 395 U.S. 711, 717 (1969)). The test for determining whether a defendant has been subjected to double jeopardy is the "same elements" test as set out in ***Blockburger v. United States***, 284 U.S. 299 (1932), and applied by this Court in analyzing double jeopardy claims, *see, e.g.*, ***Thomas v. State***, 711 So. 2d 867 (Miss. 1998). Where a defendant is charged with violating separate and distinct statutory provisions the "same elements" test requires an inquiry into whether each offense charged requires proof of an element not contained in the other. Where different elements are required by each offense "'an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.'" ***Blockburger***, 284 U.S. 299, 304 (1932) (quoting ***Gavieres v. United States***, 220 U.S. 338, 342 (1911). This Court finds, as discussed *infra,* that Brown's Double jeopardy claim must fail because the two convictions involved distinctly different offenses and nor was Brown subjected to multiple prosecutions or multiple punishments.

¶11. Here, Brown was convicted of two separate and distinct offenses. He was convicted and sentenced for the rape of Toni Sue Davis and he was convicted and sentenced for simple assault on Toni Sue Davis' eight-year old daughter. This Court has held that "'where two or more persons are injured by a single criminal act, there are as many separate and distinct offenses as there are persons injured by the unlawful act.'" ***Burton v. State***, 226 Miss. 31,47, 79 So. 2d 242, 250 (1955) (quoting ***Fay v. State***, 71 P.768, 771 (Okla. Crim. App. 1937)). In addition to the fact that the two violations charged were perpetrated on two different individuals, the provisions Brown was convicted of violating require proof of different elements. The crime of rape involves "forcible sexual intercourse with any person." Miss. Code Ann. § 97-

3-65(3)(a) (Supp. 1998). The crime of simple assault involves an attempt "by physical menace to put another in fear of imminent serious bodily harm." Miss. Code Ann. § 97-3-7(1)(c) (1994). Therefore, a conviction of either violation did not exempt Brown from prosecution and punishment on the other.

¶12. Brown alleges that the six month sentence for simple assault is an additional punishment and is, therefore, equivalent to a second prosecution in violation of the Dual Sovereignty doctrine of the double jeopardy clause. The Dual Sovereignty doctrine recognizes that more than one offense results where a single criminal act violates the laws of more than one State or a State and the Federal Government. **Heath v. Alabama**, 474 U.S. 82, 86 (1985). When such is the case, the defendant is not subjected to double jeopardy in successive prosecutions by the separate sovereigns for the same criminal act. **Id.** The Supreme Court has held that:

> the crucial determination is whether the two entities that seek successively to prosecute a defendant for the same course of conduct can be termed separate sovereigns. This determination turns on whether the two entities draw their authority to punish the offender from distinct sources of power.

**Heath**, 474 U.S. at 88.

¶13. However, the Dual Sovereignty doctrine is not applicable to this action because Brown was not subjected to successive prosecutions. Brown was subjected to only one trial. Nor, as suggested by Brown, did the remand for re-sentencing on the simple assault charge amount to a successive prosecution. Where it is determined that the evidence presented at trial was insufficient to support the conviction, but there is sufficient evidence to support a conviction of a lesser included offense, this Court may enter a conviction against the defendant on the lesser included offense and remand to the lower court for re-sentencing. **Alford v. State**, 656 So. 2d 1186, 1191 (Miss. 1995). Remanding the case for re-sentencing on the lesser included offense does not subject defendant to additional punishments or prosecutions in violation of the double jeopardy clause; rather it puts the "defendant in the position he would have been in absent the trial court's error." **Dickenson v. Israel**, 482 F.Supp. 1223, 1226 (E.D. Wis. 1980), *aff'd*, 644 F.2d 308 (7th Cir. 1981). In **Brown v. State**, 633 So. 2d 1042, 1044 (Miss. 1994), this Court found that the evidence presented at trial was insufficient to support a conviction of aggravated assault. The evidence did support, however, a finding that Brown was guilty of committing the lesser included offense of simple assault. **Id.** As a result, this Court remanded the case for re-sentencing on a simple assault conviction. **Id.** The remand merely put Brown in the position he would have been in absent the error of the trial court below.

¶14. Brown further argues that the Dual Sovereignty doctrine is invoked in light of the fact that once he has completed serving the twenty year sentence on the rape conviction he is to be moved from the state penitentiary, so that he can serve the six year sentence in another municipality, the Marion County jail. As stated previously, the Dual Sovereignty doctrine is not implicated where, as is the case herein, there are no successive prosecutions. Additionally, this Court has held on numerous occasions that a sentence will not be set aside if it is within the limits of the applicable statute. **Herring v. State**, 691 So. 2d 948, 958 (Miss. 1997); **Sanders v. State**, 678 So. 2d 663, 669 (Miss. 1996); **Jones v. State**, 669 So. 2d 1383, 1393 (Miss. 1995). Miss. Code Ann. § 97-3-7 (1994) specifically provides that upon a conviction of simple assault a defendant "shall be punished by a fine of not more than Five Hundred Dollars ($500.00) or by imprisonment in the *county jail* for not more than six (6) months, or both." (emphasis added). On the other hand, Miss. Code Ann. § 97-3-65(3)(a) (Supp. 1985) provides that upon a conviction of rape a defendant is be imprisoned in the *State Penitentiary*. The sentences as prescribed by the trial court comported with

the statutes under which Brown was convicted. Thus Brown was in no way subjected to multiple prosecutions.

¶15. Nor was Brown subjected to multiple punishments. Brown argues that multiple punishments resulted from the lower court's decision to run the six (6) month sentence on the simple assault charge consecutive to the sentence on the rape charge. However, the imposition of consecutive or concurrent sentences is within the discretion of the trial court. Miss. Code Ann. § 99-19-21 (1994). Brown also alleges that the wording of the sentencing order "enhanced" his sentence under the rape conviction, because he continues to be detained on the rape conviction in order to have him serve another sentence arising out of the same set of facts. This contention was found to be without merit above, in the first assignment of error, and need not be reiterated.

¶16. Along the same lines Brown claims that the wording of the sentencing order has operated to deprive him of his liberty interests, not only in being paroled, but also in attaining a more privileged custody classification. However, prisoners do not have liberty interests in being paroled, *Vice v. State*, 679 So. 2d 205, 208 (Miss. 1996), or in a particular classification, *Tubwell v. Griffith*, 742 F.2d 250, 253 (5th Cir. 1984). Therefore, this assignment of error is also without merit.

### III.

¶17. For the above and foregoing reasons the trial court's Order is affirmed.

¶18. **DENIAL OF POST-CONVICTION COLLATERAL RELIEF AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**

1. The Appellant's petition for relief is not in the record. As a result the State alleges that the Appellant is procedurally barred from maintaining this appeal and that the record is insufficient for the State to respond. However, the issues raised by the Appellant can be determined from the trial court's findings of fact and conclusions of law and from the Appellant's Brief.