816 So.2d 414 (2002)
John David MILLSAP, Appellant
v.
STATE of Mississippi, Appellee.
No. 2001-CP-00689-COA.
Court of Appeals of Mississippi.
April 9, 2002.
*415 John David Millsap, Appellant, pro se.
Office of the Attorney General, by John R. Henry Jr., Booneville, attorney for appellee.
Before SOUTHWICK, P.J., LEE, and CHANDLER, JJ.
CHANDLER, J., for the Court.
¶ 1. On April 20, 1988, John Millsap pled guilty to two counts of armed robbery in the Circuit Court of Jones County and was sentenced to two twenty-year terms to be served consecutively in the custody of the Mississippi Department of Corrections. Twelve years later he filed a motion for post-conviction relief pursuant to Miss. Code Ann. § 99-39-5(g) that his sentence has expired, his probation, parole, or conditional release was unlawfully revoked or he is otherwise unlawfully held in custody. The trial court found his arguments to be without merit and dismissed the petition. Feeling aggrieved, Millsap appealed to this Court making the same argument as below.

FACTS
¶ 2. On April 20, 1988, Millsap appeared in the Circuit Court of Jones County, Mississippi to enter a plea of guilty to two counts of robbery with a deadly weapon. Millsap, pursuant to a plea agreement with *416 the State, was sentenced to two twenty-year terms, to be served consecutively. Although he had been previously incarcerated on charges of burglary, the State dropped the habitual offender enhancement on both indictments. On January 18, 2001, Millsap filed an out of time motion for post-conviction relief. This motion was dismissed by the circuit court and Millsap has perfected this appeal.

LAW AND ANALYSIS
¶ 3. On appeal, a reviewing court should not disturb a lower court's decision to deny a petition for post-conviction relief unless the court's factual findings are clearly erroneous. However, where questions of law are raised the applicable standard of review is de novo. Eldridge v. State, 764 So.2d 515 (¶ 8) (Miss.Ct.App. 2000) (citing Brown v. State, 731 So.2d 595 (¶ 6) (Miss.1999)).
¶ 4. Millsap argues on appeal that the trial court should have granted his petition for post-conviction relief because his sentence has expired and/or he is being unlawfully held in custody. He bases these arguments on his insistence that the application of Miss.Code Ann. § 47-7-3(1)(d)(i) (Rev.2000) to his sentence is an expost facto violation because he was not indicted under this statute. That statute reads in pertinent part, "[n]o person shall be eligible for parole who shall, on or after January 1, 1977, be convicted of robbery ... through the display of a firearm until he shall have served ten years if sentenced to a term ... of more than ten years...."
¶ 5. Millsap also asserts that he was not informed of the mandatory ten year term before he could be eligible for parole. In fact, he insists that his plea was made with the condition that it was subject to good time and parole. Millsap argues that the trial court deliberately left the provision concerning good time and parole out of the hearing transcript.
¶ 6. In general, a petition for post-conviction relief based on a guilty plea must be brought within three years. Miss. Code Ann. § 99-39-5(2) (Rev.2000). In order to be excepted from this three year statute of limitations, the petitioner must demonstrate:
[T]hat there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Miss.Code Ann. § 99-39-5(2) (Rev.2000).
¶ 7. Millsap has failed to meet the requirements of the above-mentioned statute. He has cited no intervening decisions of the United States Supreme Court or the Mississippi Supreme Court that have adversely affected his conviction or sentence. He has also failed to demonstrate that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked. Millsap was sentenced to a total of forty years in prison. At the time of filing this appeal, he had served twelve years and nine months of that sentence. He has not been released on probation, parole or conditional release; therefore, such grants could not have been revoked.
¶ 8. Millsap's ex post facto argument is without merit. Millsap was sentenced on April 20, 1988. The statute explicitly governs convictions of robbery or *417 attempted robbery occurring after January 1, 1977. Miss.Code Ann. § 47-7-3(1)(d)(i) (Rev.2000). Also, his argument that the trial court deliberately deleted from the record provisions of his plea agreement concerning good time and parole is completely unsupported by any facts in the record. Only Millsap's self-serving statements exist to bolster such an assertion.
¶ 9. This petition for post-conviction relief was brought twelve years after Millsap was sentenced by the trial court. He has presented this Court with no evidence to verify his claims and does not meet the statutory requirements for obtaining an out of time petition for post-conviction relief.
¶ 10. Millsap attempts to raise on appeal several issues he did not raise in his original petition for post-conviction relief, including ineffective assistance of counsel and violation of his Fourteenth Amendment due process rights. He also attempts to argue that because the transcript of his April 20, 1988 hearing was not transcribed until May 13, 1988, his sentence and plea were violated. Because these issues were not raised in his original petition, he is barred from bringing them here. Pace v. State, 770 So.2d 1052 (¶ 5) (Miss.Ct.App.2000).
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF JONES COUNTY DISMISSING THE PETITION FOR POST-CONVICTION RELIEF WITH PREJUDICE IS AFFIRMED. COSTS ARE ASSESSED TO JONES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND BRANTLEY, JJ., CONCUR.