BRIDGES, J., for the court.
¶ 1. Michael White filed a motion for post-conviction relief on November 30, 1999, in the Circuit Court of Hinds Coun *761 ty. The court denied his motion on April 5, 2001. He filed an undated notice of appeal which was filed by the circuit clerk on May 18, 2001.
STATEMENT OF ISSUES
I. WHETHER THE TRIAL COURT ERRED IN SENTENCING WHITE TO A TERM OF FIFTEEN YEARS, AS OPPOSED TO THE “PLEA AGREEMENT” OF TEN YEARS, WITH THREE YEARS SUSPENDED AND SEVEN YEARS TO SERVE IN THE CUSTODY OF THE DEPARTMENT OF CORRECTIONS, “PLAIN ERROR.”
II. WHETHER WHITE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL, WHERE SUBSTITUTE COUNSEL INDUCED WHITE TO MAKE AN “OPEN PLEA” AND ENHANCEMENT SENTENCE IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
FACTS
¶ 2. This Court was given very few facts to rely upon within the briefs of the parties. The few facts found, that are relevant here, state that White was arrested on or around January 23, 1996, and charged with “possession of cocaine” with intent to distribute, cause no. 96-3-179. The grand jury of Hinds County indicted White in September 1996, on the charge of “possession of cocaine.” On or around February 10, 1997, White made an “open plea” and was sentenced to a term of fifteen years.
STANDARD OF REVIEW
¶ 3. ‘When reviewing a lower court’s decision to deny a petition for post-conviction relief this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised the applicable standard is de novo.” Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).
ANALYSIS
¶ 4. It should be noted that this Court has restricted its analysis in this case solely to the issue of whether White’s case is time-barred. This is because the time-bar issue determines whether any of the issues can even be considered. The order denying White’s motion for post-conviction relief was dated April 5, 2001, and consequently, the thirty day period to file any appeal to this Court challenging that order lapsed on May 5, 2001. Since White’s notice of appeal was not filed until May 18, 2001, the first thing this Court must address is whether this action is time-barred by our Rules of Appellate Procedure. Since White’s right to appeal was secured by Rule 4(a), this is what must be cited here. Rule 4(a) states:
Except as provided in Rules 4(d) and 4(e), in a civil or criminal case in which an appeal or cross-appeal is permitted by law as a right from a trial court to the Supreme Court, the notice of appeal required by Rule 3 shall be filed within 30 days after the date of entry of the judgment or order appealed from.
M.R.A.P. 4(a).
¶ 5. The order denying White’s petition for post-conviction relief was filed on April 5, 2001; therefore, he would have had thirty days from April 5, 2001, in which to file a timely notice of appeal, making May 5, 2001, the last date on which White could file his notice of appeal. White filed the current notice of appeal on May 18, 2001. Because of this, White’s notice of appeal in this case is barred by Rule 4(a) of the Mississippi Rules of Appellate Procedure, *762 and the issues he brings here are barred as well. Therefore, we dismiss the appeal for lack of jurisdiction.
¶ 6. THE APPEAL OF THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT DISMISSING POST CONVICTION RELIEF WITH PREJUDICE IS HEREBY DISMISSED. COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P JJ., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.