GRIFFIS, J., for the Court.
¶ 1. After being indicted for capital murder, Nathaniel Sibley pled guilty to a lesser charge of murder. Sibley was sentenced to life in prison with all but forty years suspended. The circuit court denied Sibley’s petition for post-conviction relief, and Sibley now perfects his appeal. Finding no error, we affirm.
FACTS
¶2. On August 21, 1984, Sibley murdered Frank Walker, Sr., while engaged in the commission of a robbery. On October 15, 1984, Sibley was indicted by the grand jury on the charge of capital murder. On October 24, 1984, Sibley voluntarily entered a plea of guilty, with the assistance of counsel, to a lesser charge of murder. Before accepting Sibley’s plea, the circuit court judge informed Sibley that the mur *542 der charge carried only one penalty, life in prison. Sibley stated that he understood.
¶ 3. Accepting Sibley’s plea, the judge sentenced him to a term of life in prison and assured him that at some point he would become eligible for parole. The district attorney then made a recommendation that Sibley be sentenced to life with all but forty years suspended. The judge accepted this recommendation, thereby reducing Sibley’s sentence from life to forty years.
¶ 4. Sibley filed a petition for post-conviction relief in the circuit court. The circuit court denied the petition, and Sibley appeals asserting that he received ineffective assistance of counsel and an illegal sentence.
STANDARD OF REVIEW
¶ 5. “When reviewing a lower court’s decision to deny a petition for post conviction relief, this Court will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Bank of Miss. v. Southern Mem’l Park, Inc., 677 So.2d 186, 191 (Miss.1996). “However, where questions of law are raised the applicable standard of review is de novo.” Brown v. State, 731 So.2d 595, 598 (Miss.1999).
ANALYSIS
¶ 6. Sibley first asserts that he was denied effective assistance of counsel. To prevail on this claim, Sibley must demonstrate that his counsel’s performance was deficient and that this deficiency prejudiced him in such a way that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The counsel’s deficiency is assessed by looking at the totality of the circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1996). We, as an appellate court, apply “a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.” Burns v. State, 813 So.2d 668, 673(¶ 14) (Miss.2001).
¶ 7. Sibley does not explicitly state why the counsel he received was ineffective. Before accepting Sibley’s guilty plea, however, the circuit judge asked Sibley if he was satisfied with his counsel. Sibley responded that he was satisfied. Moreover, Sibley pled guilty to murder, which usually carries a sentence of life in prison. His sentence was less. He was only sentenced to forty years. Accordingly, we find this issue to be without merit.
¶ 8. Sibley next contends that he was given an illegal sentence. Sibley received a more lenient sentence than required under the statute. By sentencing Sibley to forty years instead of life, the circuit judge gave Sibley a lesser sentence. Somehow, Sibley believes that he received a mandatory forty year sentence rather than a sentence of forty years with parole. Sibley simply misconstrues his sentence.
¶ 9. Sibley is eligible for parole and, in fact, we note that he has been before the parole board six times. While the exact reasons Sibley was denied parole are not evident from the record, it is not because he received a mandatory sentence. Therefore, we find this issue to also be without merit.
¶10. THE JUDGMENT OF THE CIRCUIT COURT OF AMITE COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO AMITE COUNTY.
*543 McMILLIN, C. J., KING AND SOUTHWICK, P JJ., BRIDGES, THOMAS, LEE, MYERS AND CHANDLER, JJ., CONCUR. IRVING, J„ CONCURS IN RESULT ONLY.