BARNES, J.,
for the Court.
¶ 1. John David Millsap appeals the dismissal of his motion, styled “Petition for A Motion to Show Cause,” by the Circuit Court of Leflore County, Mississippi. Finding that Millsap’s petition was properly dismissed by the circuit court, we affirm.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Millsap pled guilty to two counts of armed robbery in 1988. For each count he was sentenced to twenty years in prison, with sentences to run consecutively. On or about September 16, 2004, having served approximately sixteen years of his term, Millsap filed a motion in the Circuit Court of Leflore County arguing that he should be placed on parole immediately, and that he was eligible for parole pursuant to Mississippi Code Annotated section 47-7-3(l)(d) (Rev.2004) because he had served over ten years of his sentence. Millsap further argued that he was never advised by his attorney during his plea hearing that he would have to serve more than ten years of his sentence before becoming eligible for parole. The circuit court denied his motion, finding that it did not have jurisdiction to place Millsap on parole. The court further found that, even assuming it did have jurisdiction, Millsap’s motion was meritless because he was required to serve ten years for each count of his sentence before becoming eligible for a parole hearing. Aggrieved by the court’s decision, Millsap argues the same issues on appeal.
STANDARD OF REVIEW
¶3. “[W]here questions of law are raised the applicable standard of review is de novo.” Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999). The circuit court’s findings of fact will not be reversed unless we find the decision to be clearly erroneous. Id.
ISSUES AND ANALYSIS
¶ 4. Millsap’s argues on appeal that the circuit court should have immediately placed him on parole, and that he is properly eligible for parole pursuant to Mississippi Code Annotated section 47-7-3(l)(d). We find that the trial court properly determined that it did not have the authority to place Millsap on parole because “the Parole Board is given ‘absolute discretion’ to determine who is entitled to parole.... ” Cotton v. Parole Bd., 863 So.2d 917, 921(¶ 11) (Miss.2003) (quoting Scales v. Miss. State Parole Bd., 831 F.2d 565, 566 (5th Cir.1987); Shanks v. State, 672 So.2d 1207, 1208 (Miss.1996)). In fact, “the Parole Board is the only determiner of parole.” Id. The exclusive power of the Parole Board to grant parole “is independent of the circuit court’s sentencing authority.” Id. (citing Mitchell v. State, 561 So.2d 1037, 1039 (Miss.1990); Haynes v. State, 811 So.2d 283, 285 (Miss.Ct.App.2001)). Thus, the Circuit Court of Leflore County was without power to place Millsap on parole as he requested.
¶ 5. The circuit court also found that Millsap was not eligible for parole. Millsap argues that the circuit court’s ruling was in error because, pursuant to Mississippi Code Annotated section 47-7-3(l)(d)(i), he is eligible for parole after serving only ten years of his two consecutive twenty-year sentences. We disagree. Section 47 — 7—3(l)(d)(i) provides:
*941 No person shall be eligible for parole who shall, on or after January 1, 1977, be convicted of robbery or attempted robbery through the display of a firearm until he shall have served ten (10) years if sentenced to a term or terms of more than (10) years or if sentenced for the term of the natural life of such person.
This statute has been interpreted to require that prisoners such as Millsap who have been sentenced to consecutive terms “must serve a minimum of ten years on each ... consecutive sentence[ ]....” McFadden v. State, 523 So.2d 77, 77 (Miss.1988). In Williams v. Puckett, 624 So.2d 496 (Miss.1993), the petitioner argued, as does Millsap, that he should be entitled to parole eligibility after serving ten years of only one of his consecutive sentences. Id. at 499. The supreme court rejected that contention, stating:
We do not consider this an open issue ... given the fact that the interpretation given the statute by the agency chosen to administer it should be accorded deference. Here, the parole board interpretation has operated with our implicit approval for fifteen years. If that interpretation is in error it should be corrected by the legislature. Given the law as presently interpreted the Department of Corrections has correctly calculated [the petitioner’s] date of eligibility for parole.
Id. (internal quotes omitted). In light of this holding, we defer to the Department of Corrections’ interpretation of section 47-7-3(l)(d) and hold that Millsap will only be eligible for parole after serving twenty years of his forty-year combined sentence.
¶ 6. As to Millsap’s arguments that he was not made aware of the law regarding his eligibility for parole during his plea proceedings, these arguments are barred as a successive writ pursuant to Mississippi Code Annotated section 99-39-27(9) (Rev.2000), which provides “[t]he dismissal or denial of an application under this section is a final judgment and shall be a bar to a second or successive application under this article.” Millsap has already contested the voluntariness of his plea in a motion for post-conviction relief which was found by this court to be time-barred as well as meritless. See Millsap v. State, 816 So.2d 414 (Miss.Ct.App.2002). .
¶ 7. Accordingly, we find that the circuit court properly dismissed Millsap’s motion.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LE-FLORE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, ISHEE AND ROBERTS, JJ„ CONCUR.