IRVING, J.,
for the Court.
¶ 1. Following his conviction and sentencing for the sale of methamphetamine and marihuana, Larry Harveston appealed. His appeal was referred to this Court, which denied the same. Harveston v. State, 742 So.2d 1163 (Miss.Ct.App.1999). Subsequently, Harveston filed a pro se motion for post-conviction relief. Finding that the motion was time-barred, the Lincoln County Circuit Court summarily de *56 nied it. Harveston appeals and asserts (1) that he was denied his due process rights, (2) that he was denied effective assistance of counsel, (8) that the trial court abused its discretion in sentencing him as a habitual offender, (4) that his sentence constitutes cruel and unusual punishment, and (5) that his motion to vacate his sentence falls within an exception to any procedural bar which would otherwise preclude review.
¶ 2. We find that this Court lacks jurisdiction; therefore, we dismiss the appeal.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 3. “When reviewing a lower court’s decision to deny a petition for post conviction relief [an appellate court] will not disturb the trial court’s factual findings unless they are found to be clearly erroneous.” Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999) (citing Bank of Miss. v. S. Mem’l Park, Inc., 677 So.2d 186, 191 (Miss.1996)).
¶ 4. The State urges us to dismiss the appeal because Harveston appealed his conviction and thereafter did not obtain permission or leave from the Mississippi Supreme Court to pursue a motion for post-conviction relief. Following a thorough review of the record, this Court finds that the State is correct in its contention that Harveston has not been granted leave by the Mississippi Supreme Court to file a motion for post-conviction relief in the trial court, as required by Mississippi Code Annotated section 99-39-7 (Supp.2006), which provides:
The motion under this article shall be filed as an original civil action in the trial court, except in cases in which the prisoner’s conviction and sentence have been appealed to the supreme court of Mississippi and there affirmed or the appeal dismissed. Where the conviction and sentence have been affirmed on appeal or the appeal has been dismissed, the motion under this article shall not be filed in the trial court until the motion shall have first been presented to a quorum of the justices of the supreme court of Mississippi, convened for said purpose either in term-time or in vacation, and an order granted allowing the filing of such motion in the trial court. The procedure governing applications to the supreme court for leave to file a motion under this article shall be as provided in Section 99-39-27.
¶ 5. On February 28, 2006, Harveston filed the PCR motion underlying this appeal. As stated, the record is devoid of any evidence that Harveston obtained an order from the Mississippi Supreme Court permitting the filing of his PCR motion. Therefore, this Court lacks jurisdiction to hear his appeal.
¶ 6. THIS APPEAL IS DISMISSED FOR LACK OF JURISDICTION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LINCOLN COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.