**IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI**

**NO. 2013-CP-01896-COA**

TIM TURNER A/K/A TIMOTHY TURNER                    APPELLANT

v.

STATE OF MISSISSIPPI                                       APPELLEE

DATE OF JUDGMENT:               10/08/2013
TRIAL JUDGE:                    HON. JAMES SETH ANDREW POUNDS
COURT FROM WHICH APPEALED:      ITAWAMBA COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         TIM TURNER (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: BILLY L. GORE
NATURE OF THE CASE:             CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:        PETITION FOR POST-CONVICTION
                                RELIEF DENIED
DISPOSITION:                    AFFIRMED - 01/20/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE GRIFFIS, P.J., BARNES AND ISHEE, JJ.

### BARNES, J., FOR THE COURT:

¶1.     Tim Turner, appearing pro se, appeals the Itawamba County Circuit Court's denial of

his petition for post-conviction relief (PCR).  In his petition, he claimed the trial court

improperly revoked his post-release supervision, reinstating twenty years of his original

thirty-year sentence after he tested positive for cocaine.  Finding no error, we affirm.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     In September 2011, Turner entered a guilty plea in the Circuit Court of Itawamba

County for the sale of cocaine.  The trial judge sentenced Turner to thirty years in the custody

of the Mississippi Department of Corrections (MDOC), with twenty-eight years suspended followed by five years of post-release supervision. Turner received credit for two years he served while awaiting the disposition of his case; thus, at his plea hearing he was released from incarceration on post-release supervision. The judge also imposed a mandatory $5,000 fine, with $4,000 suspended, as well as fines of $100 to the Mississippi Crime Victims' Compensation Fund, $250 to the North Mississippi Narcotics Unit, and all costs of the case.

¶3. In December 2011, the State filed its first petition to revoke Turner's post-release supervision and impose the suspended sentence. At the revocation hearing, the trial judge found that Turner had, among other violations, "failed to report, failed to abstain from illegal drugs, failed to pay fines and restitution, and failed to avoid persons of harmful character." Giving Turner another chance, the trial judge modified Turner's post-release supervision, ordering him to enter and complete an inpatient drug rehabilitation program at Region III Chemical Dependency Service in Tupelo, Mississippi.

¶4. On March 3, 2012, Region III performed a routine urine drug test after Turner returned from a three-hour pass. His urine tested positive for cocaine. On March 15, 2012, Turner was discharged from Region III due to the failed drug test. In response, the State filed another petition to revoke Turner's post-release supervision. On March 21, Turner's daughter retained an attorney for him. Turner requested his attorney implement an additional hair-follicle drug test on him, because he contended the urine sample taken by Region III was not his urine. However, the hair-follicle test, which was performed by an independent laboratory, also came back positive for cocaine.

¶5. In May 2012, a second revocation hearing was held. The trial judge found Turner had

failed "to complete the court-ordered treatment" and "failed to abstain from using illegal drugs." Accordingly, the trial court revoked the twenty-eight-year suspended sentence and required Turner to serve twenty years of the original sentence in the custody of the MDOC, with eight years suspended, followed by five years of post-release supervision, as well as the reimposition of all former fines, costs, and restitution.[1]

¶6.    Turner filed a PCR petition with the trial court, arguing that the revocation of his post-release supervision was illegal, his sentence was too harsh, and the drug test performed at Region III was improper and invalid. On October 8, 2013, the trial court entered a four-page order denying Turner's PCR petition. The trial court found Turner had been disqualified from the Region III program after having a positive drug test for cocaine, which was sufficient to revoke his post-release supervision, not to mention the hair-follicle test, which also came back positive. Accordingly, there was sufficient evidence to show that Turner had violated the terms of his post-release supervision.

¶7.    Turner now appeals.

**STANDARD OF REVIEW**

¶8.    When the denial of a PCR petition is reviewed by an appellate court, that court "will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Presley v. State*, 48 So. 3d 526, 528-29 (¶10) (Miss. 2010) (quoting *Brown v. State*, 731 So.

---

[1]    At some point in 2012, Turner filed a complaint against his attorney with the Mississippi Bar Association. In response, his attorney wrote a letter to the Bar dated December 31, 2012. This letter is a part of the record on appeal. The attorney explained that Turner believed his attorney and probation officer, who are friends, were somehow conspiring to falsify his positive drug-test results.

2d 595, 598 (¶6) (Miss. 1999)).  Questions of law are reviewed de novo.  *Id.* at 529 (¶10).

**ANALYSIS**

¶9.     Turner argues the revocation of his post-release supervision and imposition of his suspended sentence were unlawful because there was no proof he committed another crime justifying these actions.  However, Turner did not need to commit another crime to have his post-release supervision revoked.

¶10.     Mississippi Code Annotated section 47-7-34(2) (Supp. 2014) provides:

> The period of post-release supervision shall be conducted in the same manner as a like period of supervised probation, including a requirement that the defendant shall abide by any terms and conditions as the court may establish. *Failure to successfully abide by the terms and conditions shall be grounds to terminate the period of post-release supervision and to recommit the defendant to the correctional facility from which he was previously released.* Procedures for termination and recommitment shall be conducted in the same manner as procedures for the revocation of probation and imposition of a suspended sentence.

(Emphasis added).  The trial court originally sentenced Turner to thirty years in the custody of MDOC, with twenty-eight years suspended, and five years of post-release supervision. The suspended sentence was conditioned on Turner's abstaining from drug usage and completing a court-ordered drug-treatment program, among other matters.  Because Turner failed to abide by the terms of his post-release supervision, as the two positive drug tests show, there was no error when the trial court reinstated twenty years of his original sentence.

¶11.     Turner also claims his attorney and probation officer conspired to falsify both of his positive drug-test reports.  He cites as proof faxed copies of the results of his original urine drug test which were sent to his probation officer and attorney, where lines and dates on the copied documents do not "line up" on the page.  We have examined the documents in the

4

record, and agree with the trial court's determination that there is no merit to this argument.

¶12.    Accordingly, the trial court did not err in denying Turner's PCR petition.

¶13.    **THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY DENYING THE PETITION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITAWAMBA COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.**