# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-KM-00194-COA

**ALFRED BROOKS A/K/A ALFRED VERNON BROOKS A/K/A ALFRED V. BROOKS**  APPELLANT

**v.**

**STATE OF MISSISSIPPI**  APPELLEE

DATE OF JUDGMENT: 02/03/2017
TRIAL JUDGE: HON. DALE HARKEY
COURT FROM WHICH APPEALED: GEORGE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: ALFRED BROOKS (PRO SE)
ATTORNEYS FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL
BY: LISA L. BLOUNT
BARBARA WAKELAND BYRD
DISTRICT ATTORNEY: JOSEPH W. GRIFFIN
NATURE OF THE CASE: CRIMINAL - MISDEMEANOR
DISPOSITION: AFFIRMED - 03/26/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

EN BANC.

BARNES, C.J., FOR THE COURT:

¶1. Alfred Brooks was convicted of misdemeanor stalking in the George County Justice Court (cause number 2015-10,157(3)) and the Lucedale Municipal Court (cause number 2016-10,005 (3)). He filed an appeal with the George County Circuit Court. After a de novo trial, the circuit court affirmed the justice court's ruling. The municipal court case was dismissed. On January 18, 2017, Brooks was sentenced to six months' imprisonment in the George County Correctional Facility, with all but 45 days of the sentence suspended pending two years of good behavior, with credit for all time served, and a fine of $500 and court

costs. On January 31, 2017, the court amended the sentence sua sponte to take out the requirement that Brooks serve 45 days in custody. Brooks filed a motion for a new trial, which was denied. Brooks was represented during these proceedings by attorney David Futch.

¶2. Brooks filed a pro se notice of appeal. In a June 23, 2017 order, the Mississippi Supreme Court remanded the case to the circuit court for consideration of whether Brooks had waived his right to appellate counsel under Mississippi Rule of Appellate Procedure 6(c)(1) and suspended the appeal pending further order of the supreme court. After a hearing, the circuit court appointed Ben Holland as Brooks's appellate counsel on July 24, 2017.

¶3. A month later, Holland filed a motion to withdraw as counsel with this Court, claiming Brooks no longer wanted his representation on appeal. The motion was denied because it did not comply with the requirements of Mississippi Rule of Appellate Procedure 46(c). On August 31, 2017, Brooks filed a "Removal of Attorney of Record," requesting that the Court of Appeals remove Holland as his counsel. We remanded the motion to the circuit court for a hearing, which was held on September 7, 2017. The court allowed Brooks additional time to decide whether he wanted Holland to represent him.

¶4. On December 29, 2017, Holland filed a second motion to withdraw as counsel because Brooks had named Holland as a defendant in a civil action filed in the United States District Court for the Southern District of Mississippi. On January 11, 2018, we held Holland's motion in abeyance pending the circuit court's ruling on whether Brooks "should

be appointed substitute counsel, or whether he has knowingly and intelligently waived the right to counsel."

¶5.     At a January 30, 2018 hearing, Brooks indicated to the circuit court that he desired to be represented by counsel on appeal.  During the course of the hearing, however, the circuit judge determined that Brooks would only accept counsel who would "argue matters personal to Mr. Brooks" and that are "wholly outside the record of the proceedings."  The judge also noted that Brooks had sued three of the four attorneys who had represented him in the prior proceedings and had filed a bar complaint against one of the four.  Given Brooks's actions, the circuit court concluded that it would be unfair to appoint another attorney to represent Brooks since such representation might expose the attorney to "the risk of vexatious litigation, bar complaints, and perhaps financial ruin."  Therefore, because it appeared that no attorney would be capable of satisfying Brooks's "needs and objectives," the court held that Brooks had effectively waived his right to appointed counsel on appeal, and Holland should be allowed to withdraw as counsel.  The circuit court entered its order and findings on February 7, 2018.

¶6.     On February 21, 2018, a panel of this Court granted Holland's motion to withdraw as counsel and allowed Brooks to proceed pro se on his appeal.

## DISCUSSION

¶7.     The State argues that Brooks "has failed to present any discernable legal issues" for his appeal and has failed to cite to the record or relevant legal authorities.[1]  Admittedly,

---

[1] On June 27, 2018, the State filed a motion to dismiss for failure to comply with Mississippi Rule of Appellate Procedure 28(a)(1) and to suspend the briefing schedule.

among his allegations of corruption and conspiracy in the legal system as a whole, it is difficult to ascertain any legal arguments in Brooks's briefs. It appears Brooks's chief complaint is that he was subjected to double jeopardy because he was charged with misdemeanor stalking in both the justice and municipal court. Double jeopardy protects a defendant against a second prosecution for the same offense after an acquittal or conviction. *Brown v. State*, 731 So. 2d 595, 599 (¶9) (Miss. 1999). Although Brooks was charged for stalking in both the justice court and the municipal court, he was only prosecuted for the justice court charge; the municipal court charge of stalking was dismissed. Thus, he was not prosecuted for the same offense after his conviction; so we find no merit to this claim.

¶8.     Furthermore, this Court has already ruled on this issue in a separate order dated February 27, 2018, in which we addressed a petition for writ of mandamus filed by Brooks. In his petition, Brooks requested that we "review the order given by the lower court in its dismissal of cause number 2016-10,005(3)" and claimed that the order was erroneous because "a double-jeopardy case under Mississippi law . . . must be guilty or not guilty. It cannot be a dismissal." We concluded:

> [I]t appears that Brooks wants this Court to compel the circuit court to provide him with relief from the dismissal order in cause number 2016-10,005(3). However, Brooks has no right to appeal from a dismissal order. "Any person convicted of an offense in a circuit court may appeal to the Supreme Court." Miss. Code Ann. § 99-35-101 (Rev. 2015). Because Brooks was not convicted in cause number 2016-10,005(3), he may not appeal from the dismissal order in that case. Since Brooks may not appeal the dismissal order, this Court has no jurisdiction over cause number 2016-10,005(3) even though it has

Brooks responded with a motion for a default judgment. This Court denied the State's motion to dismiss without prejudice and granted the motion to suspend the briefing schedule. Brooks's motion was denied.

4

jurisdiction over the appeal from cause number 2015-10,157(3). But this Court has no authority to order the circuit court to take any action in cause number 2016-10,005(3). *See* M.R.A.P. 21 (b) ("a writ, order, or other process in any appeal not transferred to the Court of Appeals . . . shall be of no effect.").

¶9. Brooks also contends that he was deprived of counsel on appeal. Once again, this Court has ruled on this issue when we granted Holland's motion to withdraw as appellate counsel on February 21, 2018. As discussed, Brooks was afforded ample opportunity to work with the attorneys assigned to him by the circuit court. He refused to do so and filed lawsuits against three of them to express his dissatisfaction with their representation.

¶10. Accordingly, as this Court has already ruled on the issues raised by Brooks through two separate motions, we find there are no issues remaining on appeal for this Court to address. We affirm the circuit court's judgment.

¶11. **AFFIRMED.**

**CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, TINDELL, McDONALD, LAWRENCE, McCARTY AND C. WILSON, JJ., CONCUR.**